In re Frank D. HINTON and Johnnie P. Hinton, Debtors.

METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,

v.

Frank D. HINTON and Johnnie P. Hinton, Defendants.

Bankruptcy No. 382–03641.
Adv. No. 382–0843.

United States District Court,
M.D. Tennessee.

April 7, 1983.

Phillip Kirk, Nashville, Tenn., for debtors.

Elizabeth Marston-Moore, Memphis, Tenn., for plaintiff.

## REPORT AND NOTICE

GEORGE C. PAINE, II, Bankruptcy Judge, Standing Master.

Pursuant to Federal Rule of Civil Procedure 53(e)(1), the Standing Master submits this proposed order or judgment, including any required findings of fact and conclusions of law, to the United States District Court for the Middle District of Tennessee with the recommendation that this proposed order or judgment be approved. Notice is hereby given that all parties in interest have ten days within which to file objections to this Report with the Bankruptcy Court Clerk designated under Administrative Rule No. 28–3 as the Clerk for the United States District Court for the Middle District of Tennessee.

## MEMORANDUM

JOHN T. NIXON, District Judge.

This matter is before the court on the plaintiff Metropolitan Life Insurance Company's (hereinafter "Metropolitan") complaint seeking relief from the automatic stay imposed pursuant to 11 U.S.C. § 362(a).[1] Upon consideration of the evidence presented at the hearing, the briefs of the parties, exhibits, stipulations and the entire record, this court concludes that the automatic stay should be terminated to permit Metropolitan to foreclose on its interest in the debtors' real property.

The following shall represent findings of fact and conclusions of law pursuant to Rule 752 of the Federal Rules of Bankruptcy Procedure.

The debtors Frank D. and Johnnie P. Hinton filed a voluntary joint Chapter 11 petition in this court on November 8, 1982. Prior to the filing of this bankruptcy petition, the debtors had borrowed $350,000.00 from Metropolitan as evidenced by a promissory note entered into by these parties. As security for this note, the debtors granted Metropolitan a first mortgage on their farm located in Montgomery County, Tennessee, pursuant to a deed of trust dated February 8, 1980. The debtors defaulted in failing to make their annual payment in March of 1982 in the approximate amount of $49,000.00 on this note and deed of trust. Due to this default, Metropolitan initiated foreclosure proceedings on the debtors' farm. The foreclosure sale was set for noon on November 9, 1982, but was stayed as a result of the debtors' filing of this bankruptcy petition. Since their filing, the debtors have further failed to make the annual payment due under the note in March of 1983.

Metropolitan now seeks relief from this stay pursuant to 11 U.S.C. § 362(d). At the hearing of this matter, Sam M. Jones, an officer with Metropolitan, testified that the debtors owed Metropolitan approximately $452,233.91 as of April 1, 1983. Mr. Jones further testified that he had frequently discussed the sale of the farm property with the debtors after they defaulted on the promissory note and that they ultimately agreed to auction the property. An auction sale was scheduled for September 10, 1982, which sale was advertised in four area newspapers. The agent for this auction was the debtors' son, David E. Hinton. Approximately 40 to 60 people attended the auction on September 10, and the property was offered for sale in eight or nine varying combinations, including sale of the tract as a whole farm unit. The final bid obtained on the entire property was $357,560.00, which was subsequently raised to $380,-000.00, both prices being for less than Metropolitan's encumbrance on the property. The debtors thereafter refused to accept this bid. Although Mr. Jones had originally estimated the value of the debtors' property to be approximately $500,000.00 when the debtors had obtained their loan in February of 1980, he testified that the present value of the property was about $407,000.00.

1. Pursuant to Administrative Order No. 28–3 and this court's prior decision in *Walter E. Heller & Co. v. Matlock Trailer Corp.*, 27 B.R. 318 (M.D.Tenn.1983), this adversary proceeding was referred to United States Bankruptcy Judge George C. Paine, II, in his temporary capacity as standing master for this district on March 16, 1983. The proceeding is now before this court for review of the report submitted by the standing master.

Robert P. Abbott, MAI, an appraiser with Doane Western, testified on behalf of Metropolitan that his appraisal of the debtors' farm, which was completed on December 30, 1982, found the value of this property to be approximately $407,000.00. Mr. Abbott explained that land values in the area where this farm was located had decreased since 1979. He estimated that the value for the land would be approximately the same or a little lower at the present time and offered his opinion that property in the area where this farm was located was declining at a faster rate than other farm property in Tennessee, which was declining at a rate of about 5% per year.

The debtors' proof consisted primarily of the testimony of Eldon E. Buckner, Jr. and the debtor Frank Hinton. Mr. Buckner, a real estate broker, appraiser and developer, assessed the value of the land to be approximately $675,000.00 to $700,000.00. Mr. Buckner appraised this land for no charge since the debtors' son was employed with his real estate firm and he was a personal friend of the debtors. He also advised the debtors' son on how to conduct the auction of the farm property in question.

The debtor Frank Hinton testified that in his opinion the farm property was worth approximately $658,696.00. Mr. Hinton nevertheless stated that he had told the high bidder at the auction sale that he would take $440,000.00 for the property in the fall of 1982, and that he had recently been offered and agreed to accept $470,-000.00 for the farm. He estimated that the debtors' plan of reorganization would begin to make payments to creditors by September 1, 1983.

Upon review of this evidence, this court concludes that Metropolitan must be granted relief from the stay pursuant to § 362(d)(1). The standards for granting relief from the stay are set forth in 11 U.S.C.A. § 362(d) (West 1979) as follows:

"(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such

as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization."

■ The creditor seeking relief has the burden of proof on the issue of the debtor's equity in the collateral with the debtor having the burden of proof on all other issues, including adequate protection of the creditor. 11 U.S.C.A. § 362(g) (West 1979). *See also Coble Systems, Inc. v. Coors of the Cumberland, Inc.,* 19 B.R. 313, 319 (Bkrtcy. M.D.Tenn.1982); *Rebco Towing Co. v. River Line, Inc.,* 19 B.R. 158, 163 (Bkrtcy.M.D. Tenn.1982), *aff'd,* No. 82–3304 (M.D.Tenn. April 28, 1982).

■ Metropolitan has sufficiently established that no equity remains in the debtors' farm property. The most convincing evidence on this issue is the auction conducted by the debtors on September 10, 1982, which resulted in a total bid for the property of $380,000.00. The court is hard pressed to accept Eldon Buckner or the debtor Frank Hinton's greater value estimations when all of these parties either directly or indirectly participated in this auction which brought a final bid far less than their valuations. The amount of the bid at the auction, together with the comprehensive appraisal report prepared by Robert Abbot valuing this property at $407,000.00, clearly demonstrates that the value of the property is less than the $452,233.91 debt owed to Metropolitan.

Since no equity exists in this property, the burden is on the debtors to demonstrate that the creditor Metropolitan is adequately protected at the present time. The debtors have failed to meet this burden. The debtors only offers of adequate protection consisted of the farm itself and the proposal of a plan of reorganization at some undetermined date in the future. The farm by

itself does not represent adequate protection. The debtors have no equity in this property and the sole evidence presented by either party as to the current market trends for the value of this farm was the testimony of Robert Abbot, who stated that the value has been decreasing substantially for the past four years. Furthermore, the debtor Frank Hinton's estimation that the proposed plan of reorganization would begin payments by September of 1983, even if accurate, is not relevant to this proceeding in which the creditor is seeking immediate adequate protection or, in the alternative, relief from the stay. *Gauvin v. Wagner*, 24 B.R. 578, 580 (Bkrtcy.App. 9th Cir.1982).

In summary, the court can find no equity in the property and the debtor has offered no evidence to show that Metropolitan's interest is adequately protected. Indeed, the evidence demonstrates that the value of this real property has declined significantly in the past and may very well continue to decline in the future. Under these circumstances, the court must grant Metropolitan relief from the automatic stay. *See generally, Sanders v. Tucker*, 5 B.R. 180, 6 B.C.D. (C.R.R.) 699, 701 (Bkrtcy.S.D.N.Y.1980); *Castle Ranch I. Ltd. v. Castle Ranch of Ramona, Inc.*, 3 B.R. 45, 5 B.C.D. (C.R.R.) 1386, 1387–1388 (Bkrtcy.S.D.Cal.1980). The court is sympathetic to the debtors' financial plight which many similarly situated farmers confront due to present economic conditions. The court must nevertheless abide by the parameters set forth in the Bankruptcy Code which reflect a congressional intent to draw a balance between allowing the economically strapped debtor a breathing spell and ensuring adequate protection of a secured creditor's interest. The debtors have not shown that the creditor Metropolitan is adequately protected, which proof is mandated by § 362(d)(1) of the Bankruptcy Code, and therefore the relief requested by Metropolitan must be granted.

The court will accordingly enter an order granting Metropolitan relief from the stay.

IT IS, THEREFORE, SO ORDERED.