**In re Holly M. POND and Judy J. Pond, Debtors.**

**Bankruptcy No. 83–05487.**

United States Bankruptcy Court, D. North Dakota.

Aug. 8, 1984.

Jos. A. Vogel, Jr., Bismarck, N.D., for debtor.

Jon Brakke, Fargo, N.D., for the Federal Land Bank of St. Paul.

Max Rosenberg, Bismarck, N.D., for the Creditors Committee.

William Westphal, Minneapolis, Minn., trustee.

Jerome Kettleson, Bismarck, N.D., for the U.S.A.

WILLIAM A. HILL, Bankruptcy Judge.

### ORDER

The Federal Land Bank of St. Paul filed with the Court on May 4, 1984, a Motion pursuant to 11 U.S.C. § 362 requesting relief from the automatic stay. The Debtors filed a response to the Motion on May 25, 1984. A hearing on the Motion for relief from the automatic stay was held before

the undersigned in Bismarck, North Dakota, on July 9, 1984.

## FINDINGS OF FACT

The Federal Land Bank of St. Paul seeks relief from the automatic stay in order to commence proceedings to foreclose their interest in real property described as follows:

The Southeast Quarter of Section 32, Township 131, Range 102 West, Bowman County, State of North Dakota.

The Debtors filed for relief under Chapter 11 of the Bankruptcy Code on September 23, 1983. The Federal Land Bank acquired its mortgage interest in the property in 1980 in exchange for a loan of $33,000.00 extended to the Debtors. At the time the Debtors filed their bankruptcy petition, their obligation to the Federal Land Bank totalled $34,406.70. Interest continued to accrue on the obligation and as of July 1, 1984, the balance of principle and accrued interest owed to the Federal Land Bank was $37,049.40. Interest accrues on this obligation at a daily rate of $11.73017. The Small Business Administration of the United States Government holds a second mortgage on the subject property. Taxes are two years delinquent and the present tax arrearage is $346.94. The Debtors listed in their petition their obligation to the Small Business Administration as $289,290.64. For purposes of this motion, it was stipulated between Federal Land Bank and the Debtors that the present value of the subject property is $40,000.00. Berdette Howe of the Federal Land Bank in Dickinson, North Dakota, testified that in the recent twelve-month period property in this area of the state has depreciated three percent. It was Howe's expert opinion that land values in the area could drop another five percent over the next year. The Debtors offered no evidence to contest Howe's opinion.

## CONCLUSIONS OF LAW

The Federal Land Bank seeks relief in this instance under section 362(d) of the Bankruptcy Code. That section provides:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d). Section 362(d) mandates relief from the automatic stay provisions of 11 U.S.C. § 362 upon a showing (1) of cause, including a lack of adequate protection; or (2) that the debtor has no equity in the property in question and the property is not necessary to an effective reorganization.

█ The evidence submitted in conjunction with the present Motion clearly indicates that the Debtors have no present equity in the real estate covered by the mortgage given to the Federal Land Bank. The Debtors are, however, farmers who utilize the subject property in their farming operation. The Court must find, therefore, that the subject real estate is necessary for the Debtors' pending reorganization and will not afford the Federal Land Bank relief under section 362(d)(2) of the Bankruptcy Code.

█ Section 362(d)(1) of the Bankruptcy Code allows the Court to grant relief from the automatic stay upon a showing of cause, including a lack of adequate protection for the movants' interest. In the present instance, the Debtors rely upon the Federal Land Bank's equity cushion as an adequate offer of protection for the Bank's interest. It was established that the Federal Land Bank's interest in the property including accrued taxes amounted to $37,-396.34 as of July 1, 1984. Although the amount of a creditor's claim is fixed as of the date the bankruptcy petition is filed, section 506(b) of the Bankruptcy Code al-

lows a creditor to claim interest which continued to accrue on that claim where the creditor was given an interest in collateral to secure its claim and that collateral is of a greater value than the creditor's claim fixed at the commencement of the bankruptcy proceedings. The parties in this matter have agreed that the value of the Federal Land Bank's collateral amounts to $40,000.00. Accordingly, the Federal Land Bank is entitled under section 506(b) to claim accruing interest. The equity cushion that existed at the time of the hearing was approximately $2,600.00. The Debtors rely upon that cushion as adequate protection for the creditor's interest in the property. Interest continues to erode the equity at a rate of $330.00 per month so that as of August 1, 1984, the equity was $2,270.00.

The Courts have proposed a variety of percentages for determining the adequacy of an equity cushion. *See In re Lake Tahoe Land Co., Inc.*, 5 B.R. 34 (Bankr.D. Nev.1980) (in cases involving real estate a cushion of 40 to 50 percent is required to provide adequate protection to a lender); *In re Schaller*, 27 B.R. 959 (D.W.D.Wis. 1983) (the court held that a cushion of 17 to 18 percent did not offer adequate protection in and of itself where the cushion was being rapidly eroded by the daily accrual of interest on the debt); *In re LeMay*, 18 B.R. 659 (Bankr.D.Mass.1982) (a 7 percent equity cushion will rarely provide sufficient protection). While the Court which adheres to a fixed percentage figure as establishing the bound of adequate equity cushions offers consistency and reliability in its decisions, most courts realize that equity cushion is only one factor in determining the adequacy of a creditor's protection. *See Huntington National Bank v. A.K. Fiberglastics, Inc.*, 26 B.R. 549 (Bankr.S.D. Ohio 1983). A creditor's interest in real property is not being adequately protected where real estate taxes remain unpaid and the property is uninsured. *See In re Pittman*, 7 B.R. 760 (Bankr.S.D.N.Y.1980). In the present instance, the equity cushion protecting the interest of the Federal Land Bank is a mere 5.7 percent. Property tax-

es remain unpaid, and land values in the area continue to decrease. The Court cannot find under these circumstances that the creditor's interest remains protected.

Accordingly, and for the reasons stated, IT IS ORDERED:

That the Motion filed by the Federal Land Bank of St. Paul requesting relief from the automatic stay imposed under 11 U.S.C. § 362 is granted.