**In re ELSAN TRANSMISSION CORP., Debtor.**

**Bankruptcy No. 885–50307–20.**

United States Bankruptcy Court,
E.D. New York,
Westbury Division.

Aug. 23, 1985.

Jeffrey Hass, Labozzetta & Hass, New York City, for debtor.

## DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

This matter came to be heard upon the motion of Gibraltar Transmission Corp. in this chapter 11 bankruptcy for an order lifting the automatic stay to allow Gibraltar to assume debtors lease and telephone number. Debtor filed a cross-motion for an order to approve the sale of all of its property, including the lease. We find that Gibraltar, the debtor's franchisor, terminated the franchise before this bankruptcy due to debtors defaults, and, the franchise agreement permits Gibraltar to assume the lease and telephone number upon termination. Therefore, we hereby grant Gibraltar's motion to commence a state court proceeding to obtain possession of the debtor's lease and telephone number, and deny all other relief sought by the parties.

### FINDINGS OF FACT

Debtor and Gibraltar entered into a franchise agreement on January 25, 1984. Debtor assumed the lease of the prior franchisee on the premises. On October 12, 1984, Gibraltar sent debtor a letter threatening to terminate the franchise unless debtor cured defaults in its payment of royalty fees, advertising fees, equipment purchases, and other obligations. On November 16, 1984, Gibraltar sent debtor a letter formally terminating the franchise due to debtor's failure to cure defaults, and requested that debtor vacate its premises. On February, 28, 1985, debtor filed its petition for bankruptcy, and on June 20, 1985, Gibraltar made this motion to vacate the automatic stay.

## DISCUSSION

The primary issue in this case is whether the court should lift the automatic stay to allow Gibraltar to obtain possession of debtor's lease and telephone number. Generally, 11 U.S.C. § 362 enjoins creditor action against the assets of a debtor's estate upon a debtor's filing of a bankruptcy petition. Section 362(d)(1) permits the court to lift the automatic stay if a movant so requests, for: "cause including the lack of adequate protection of an interest in property." Procedurally, a movant must allege lack of adequate protection or other cause for lifting the stay, and then the burden of proof (risk of non persuasion) shifts to the party opposing relief. 11 U.S.C. § 362(g).

■ In this case, Gibraltar contends that it lacks adequate protection for its interest in debtor's lease because debtor refuses to give Gibraltar use and occupancy of the premises. Gibraltar contends that it has a right to use and occupancy of the debtor's premises because, upon termination of the franchise due to debtor's defaults in the performance of the franchise agreement, debtor had a duty to assign its lease to Gibraltar. Gibraltar argues that debtor's duty to assign its lease arises from: the franchise agreement which states that debtor must assign the lease upon termination of the franchise; and a rider to the lease, which states that the lease is security for the debtor's performance of the franchise agreement. Gibraltar's allegations are sufficient to shift the burden of proof to debtor on the issue of adequate protection.

Similarly, Gibraltar's allegations regarding debtor's telephone number show lack of adequate consideration. Gibraltar claims an interest in the telephone number due to debtor's alleged defaults of the franchise agreement, but, debtor refuses to surrender the number.

We now consider whether debtor disproved Gibraltar's allegations of lack of adequate protection. At the outset, we note that debtor neither disputes Gibraltar's claims of default, nor Gibraltar's termination of the agreement. Therefore, as a matter of law, we find that debtor defaulted in its obligations, which resulted in the proper termination of the franchise.

■ Debtor contends that despite the termination of the franchise, neither the franchise agreement nor the lease give Gibraltar an interest in the lease because no formal assignment of the lease was made to Gibraltar. In the alternative, debtor contends that even if Gibraltar has an interest in the lease, the interest is protected because any monetary loss Gibraltar might suffer by losing its interest in the lease is covered by the proceeds of debtor's proposed sale of the business.

The language of the franchise agreement and lease determines Gibraltar's interest. Section 3.3 of the franchise agreement reads, in pertinent part as follows:

Said lease shall contain (1) a Conditional Assignment Rider, which shall provide that upon the termination of this Agreement for any reason whatsoever, Gibraltar shall have the option, for fifteen (15) days, to assume the obligations of and to replace Operator as the lessee under said lease....

The agreement was incorporated into debtor's lease in a rider, in pertinent part, as follows:

Under the franchise agreement, said franchise has agreed to assign this lease to Gibraltar Transmission Corp. as collateral security for the full and faithful performance of the obligations under said franchise agreement. Lessor does hereby consent to said assignment....

The writing speaks for itself. The franchise agreement calls for the creation of a rider containing a conditional assignment of the lease. The rider to the lease imposes a contractual duty upon debtor to assign the lease to Gibraltar if debtor defaults on the franchise agreement. We find that the language of the rider qualifies as a conditional assignment as contemplated by the franchise agreement. The franchise agreement imposes no formality upon the creation of the conditional assignment, nor is any formality compelled by law. Thus,

debtor's argument that Gibraltar has no interest in the lease because no formal assignment of the lease was made, contradicts the language of the franchise agreement.

As to debtor's argument that the sale of the business will compensate Gibraltar for the loss of its interest in the lease, the proposed sale is problematic in light of our finding that debtor has no lease to sell. Nonetheless, assuming debtor could sell the business, including the lease, debtor's affidavit indicates the buyer would pay $70,000 in cash, and $60,000 in payments over 3 years. Debtor's schedules filed with his petition for bankruptcy show debts totalling $70,000. Debtor has not alleged the value of the lease and the court has no basis to determine whether the proposed sale would bring debtor sufficient resources to compensate Gibraltar for the loss of that value.

Based on debtor's failure to carry its burden of proof to refute Gibraltar's allegation that it lacks adequate protection, we lift the stay imposed pursuant to 11 U.S.C. § 362 and permit Gibraltar to prosecute an action to obtain debtor's lease in state court.

■ Similarly, the issue of Gibralter's right to debtor's telephone number rests on the termination of the franchise agreement, and Gibraltar may prosecute that matter in state court, because debtor did not even attempt to refute Gibraltar's allegation of lack of adequate protection.

■ Debtor's cross-motion to sell all of its assets is denied, because, debtor has failed to comply with notice requirements. Bankruptcy Rule 6004 incorporates Bankruptcy Rule 2002 which states that all parties in interest must be served with notice of sales outside the ordinary course of business. In this case, debtor served only Gibraltar.

■ Debtor's cross-motion to reject any executory promises related to the subject lease is denied as well, because debtors have alleged no grounds for relief in its

papers and oral argument as required by Bankruptcy Rule 9013 and Local Rule 22.

In conclusion, the court adopts the reasoning of the decision, *In The Matter of Clarkstown Transmissions Corp.*, 45 B.R. 807 (Bankr.S.D.N.Y.1984) by Judge Schwartzberg, as annexed to debtor's memorandum of law. The *Clarkstown* case involves another franchisee of Gibraltar. Gibraltar sought to vacate the stay to assume the lease pursuant to the breach and termination of the franchise agreement. The *Clarkstown* case differs from this case only because the Clarkstown franchise agreement called for a formal assignment rather than a conditional assignment, and, Gibraltar had obtained a state court eviction order before the bankruptcy was commenced. Those differences are not relevant to the merits of this case. Judge Schwartzberg wrote:

> The lease was an integral part of the franchise agreement by its incorporation in the agreement and was coextensive with it. Gibraltar's entitlement to possession under the lease by reason of its right to protect its franchised trade name at the business location in question was sustained by the New York Supreme Court on August 16, 1984. In order to block Gibraltar from pursuing its possessary interest under the assigned lease and from furthering its rights to exploit the trade name "Gibraltar" at the location in question, the debtor must come forward and satisfy the burden imposed under 11 U.S.C. § 362(g)(2), by providing adequate protection within the meaning of 11 U.S.C. § 361. This the debtor has failed to do. On the contrary, the debtor wishes to pursue a competing automobile transmission repair business on the franchised site, free from the franchised obligations, including the payment of royalties, and based upon naked possession. To accomplish this objective, the debtor would have this court disregard the fact that it previously assigned the lease for the premises to Gibraltar as security for the debtor's performance under the franchise. In sum, the debtor seeks to be put in a better position than it occupied be-

fore the commencement of its chapter 11 case and fails to regard the propriety rights of Gibraltar, to whom no adequate protection is offered. This position is inconsistent with the relief afforded under the automatic stay, as expressed in 11 U.S.C. § 362(a).

For the reasons eloquently set forth by Judge Schwartzberg, and for the reasons we set forth herein, the automatic stay is hereby vacated.

So Ordered.