HATCHETT, Circuit Judge:
In this case we hold that the district court properly ruled that a creditor did not hold a perfected security interest in the bankrupt’s personal property sufficient to allow relief from the automatic stay imposed by 11 U.S.C. § 862.
FACTS
On August 9, 1984, the debtor, Allstar Building Products, Inc. (Alistar), executed a note in favor of appellant, Overhead Door Corporation (Overhead), giving Overhead a security interest in substantially all of its personal property and assets. On August 30, 1984, Overhead recorded the security interest in the office of the Secretary of State in Montgomery, Alabama. Allstar did not receive authorization from its directors nor execute a corporate resolution authorizing the pledge of substantially all of its assets.
On June 4,1985, Allstar filed a voluntary petition under Chapter 7 of the Bankruptcy Code, and the bankruptcy court appointed a trustee. Overhead filed a motion seeking relief from the automatic stay imposed by 11 U.S.C. § 362 in order to foreclose its interest in the personal property. The bankruptcy court held that Overhead did not have a valid security interest and denied the motion for relief from the stay. Overhead appealed the decision of the bankruptcy judge to the United States District Court for the Southern District of Alabama. The district court affirmed the bankruptcy court’s decision. Overhead filed this appeal.
The sole issue for decision is whether the district court correctly determined that Overhead’s alleged security interest is invalid.
DISCUSSION
Overhead contends that its security interest in Allstar’s personal property and assets is valid and may not be attacked by Alistar nor the trustee. In response, the trustee notes that the security agreement purported to give Overhead a security interest in substantially all of Allstar’s personal property and assets, but it is invalid because the board of directors did not authorize the corporation to enter into the agreement or adopt a corporate resolution doing so as required by Ala.Code § 10-2A-160 (1980).** Overhead further contends that under Rule 8 of the Federal Rules of Civil Procedure, the trustee waived any right to raise an affirmative defense by failing to file an answer as required: therefore, the validity of the security interest may not be questioned.
This action was brought under Part IX (contested matters), Rule 9014 of the Bankruptcy Rules. Rule 9014, in pertinent part, provides: “No response is required under this rule unless the court orders an answer to a motion.” Rule 9014 also states that the court may direct that one or more rules of Part YII (adversary proceedings) shall apply. The district court did not order an answer in this case nor did it order that the rules of Part VII would apply.
Overhead’s contention that the trustee’s failure to answer and to assert an affirmative defense or avoidance is without *1536 merit. Rule 81 of the Federal Rules of Civil Procedure explicitly removes bankruptcy proceedings from application of the Federal Rules of Civil Procedure. This proceeding was in bankruptcy, and rule 9014 controls.
It is also clear under section 10-2A-160, Code of Alabama (1975) that a corporation may not mortgage or pledge all or substantially all of its property and assets except when authorized by the board of directors. Overhead failed to show that in this case the security agreement was authorized by the board of directors. In the bankruptcy court, Overhead was given an opportunity to submit a brief supporting its position and to supplement the record by providing a copy of a corporate resolution authorizing the mortgage or pledge of Alls-tar’s personal property. Overhead filed a brief, but it did not produce a copy of a corporate resolution.
The district court properly affirmed the decision of the bankruptcy court which declared Overhead’s security interest invalid. Accordingly, we affirm the judgment of the district court.
AFFIRMED

 Ala.Code § 10-2A-160 provides:
§ 10-2A-160. Sale of assets in regular course of business and mortgage or pledge of assets.
The sale, lease, exchange, mortgage, pledge or other disposition of all, or substantially all, the property and assets of a corporation in the usual and regular course of its business may be made upon such terms and conditions and for such consideration, which may consist in whole or in part of cash or other property, including shares, obligations or other' securities of any other corporation, domestic or foreign, as shall be authorized by its board of directors; and in any such case no authorization or consent of the shareholders shall be required, unless required by the provisions of the Constitution of Alabama as the same may be amended from time to time.