834 F.2d 898
 17 Collier Bankr.Cas.2d 1171, Bankr. L. Rep. P 72,128
In re ALLSTAR BUILDING PRODUCTS, INC., Debtor.
OVERHEAD DOOR CORPORATION, Plaintiff-Appellant,
v.
ALLSTAR BUILDING PRODUCTS, INC., Defendant-Appellee.
 No. 86-7011.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 1, 1987.
 
 Mayer W. Perloff, Reid, Perloff & Doyle, Mobile, Ala., for plaintiff-appellant.
 Barry A. Friedman, Mobile, Ala., for defendant-appellee.
 Appeal from the United States District Court for the Southern District of Alabama.
 Before RONEY, Chief Judge, TJOFLAT, HILL, FAY, VANCE, KRAVITCH, JOHNSON, HATCHETT, ANDERSON, CLARK and EDMONDSON, Circuit Judges.*
 PER CURIAM:
 
 
 1
 On August 9, 1984, debtor Allstar Building Products executed a note in favor of appellant Overhead Door Corporation (Overhead), which gave Overhead a security interest in, among other things, "[a]ll equipment, machinery, and tools of the trade" owned by the debtor. On August 30, 1984, Overhead recorded the security interest in the office of the Secretary of State in Montgomery, Alabama.
 
 
 2
 On June 4, 1985, the debtor filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code. Overhead sought to foreclose its interest in the debtor's shop and office equipment and filed a motion for relief from the automatic stay imposed by 11 U.S.C. Sec. 362(a). The bankruptcy court denied relief because it found that, under Alabama law, Overhead did not hold a perfected security interest in this property. Adopting the findings of fact and conclusions of law of the bankruptcy court, the district court affirmed.
 
 
 3
 On appeal, a divided panel of this court affirmed the district court. 809 F.2d 1534. We granted rehearing in banc to determine whether the bankruptcy court improperly altered the parties' burdens of proof in deciding that Overhead was not entitled to relief from the automatic stay.
 
 
 4
 Section 362 of the Bankruptcy Code enjoins creditor actions against the assets of a debtor's estate upon a filing of a bankruptcy petition under Secs. 301, 302 and 303 of the Code. But the statute also provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay, ... by terminating, annulling, modifying, or conditioning" it, "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. Sec. 362(d)(1). Whenever a hearing is held to determine whether a party in interest should be granted relief from the stay for cause, the Code allocates the parties' respective burdens of proof:
 
 
 5
 (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in such property; and
 
 
 6
 (2) the party opposing such relief has the burden of proof on all other issues.
 
 
 7
 11 U.S.C. Sec. 362(g).
 
 
 8
 In this case, the bankruptcy court held that Overhead was not entitled to relief because it had not perfected its security interest under Alabama law. It relied on Sec. 10-2A-160 of the Alabama Code which requires the approval of a corporation's board of directors whenever it attempts to pledge "all, or substantially all, of [its] assets ... in the ... regular course of business." Because Overhead did not present proof that the debtor's board of directors approved the security agreement by way of corporate resolution, the bankruptcy court found that the agreement was unauthorized. Appellant contends that in so doing, the bankruptcy court altered the burdens of proof allocated by the Bankruptcy Code. We agree.
 
 
 9
 In its motion for relief from the stay, Overhead alleged (1) that it held a valid, perfected security interest; (2) that the debtor was in default of the note; (3) that the debtor failed to adequately protect Overhead's interest; and (4) that the debtor lacked equity in the individual property items listed in the motion. Overhead also appended a copy of the security agreement to its motion. At a hearing before the bankruptcy court, Overhead established that the security agreement was filed with the Secretary of State and that the debtor lacked equity in the property. Counsel for the bankruptcy trustee called the trustee as a witness and presented no other evidence. Yet under these circumstances, it was incumbent upon the debtor or the trustee, as parties opposing Overhead's motion, to prove that Overhead failed to perfect its security interest in the property, or that there was no cause for lifting the stay. As the statute indicates, a lack of protection of the interest of a party such as Overhead would supply sufficient cause. Again, it was the burden of the trustee or the debtor to prove adequate protection. In re Gauvin, 24 B.R. 578, 580 (9th Cir. BAP 1982); In re Elsan Transmission Corp., 55 B.R. 73, 75 (Bankr.E.D.N.Y.1985); In re Dixie-Shamrock Oil & Gas, Inc., 39 B.R. 115, 117 (Bankr.M.D.Tenn.1984); In re Philadelphia Consumer Discount Co., 37 B.R. 946, 949 (Bankr.E.D.Pa.1984); In re Hinton, 30 B.R. 796, 798 (Bankr.M.D.Tenn.1983); In re Schaller, 27 B.R. 959, 961 (Bankr.W.D.Wis.1983).
 
 
 10
 Even if the trustee or the debtor had attempted to prove that Overhead failed to perfect its security interest, it does not appear that either could have relied upon the statute cited by the bankruptcy court. The perfection of security interests in Alabama is governed by the state's version of the Uniform Commercial Code. Section 7-9-303 of the Alabama Code states that the "steps required for perfection [of a security interest] are specified in sections 7-9-302, 7-9-304, 7-9-305, and 7-9-306." These statutes do not include the requirement that a pledge of assets be authorized by a pledgor corporation's board of directors, or evidenced by a resolution thereof. Even if the trustee or the debtor could prove that the board failed to approve the transaction, it does not appear that this would affect Overhead's right to seek relief from the automatic stay. Following the guide of the American Bar Association's Model Business Code, Alabama has restricted the defense of ultra vires to a very narrow category of cases. See Ala.Code Sec. 10-2A-24 commentary; In re Terminal Moving & Storage Co., Inc., 631 F.2d 547, 549-50 (8th Cir.1980) (applying analogous Arkansas law to bankruptcy proceeding).
 
 
 11
 Where a party who opposes the lifting of the automatic stay imposed by Sec. 362(a) fails to meet its burden as allocated by Sec. 362(g), the stay should be lifted. The party opposing the motion cannot merely rest once the party seeking to have the stay lifted makes a prima facie showing he is entitled to relief. As the trustee and the debtor in this case failed to present any evidence on the question of whether Overhead perfected its security interest, or whether its interest in the property was adequately protected, Overhead was entitled to relief from the stay. In re Highcrest Management Co., Inc., 30 B.R. 776, 778 (Bankr.S.D.N.Y.1983); In re L.H. & A. Realty Co., Inc., 57 B.R. 265, 269 (Bankr.D.Vt.1986). Yet because the bankruptcy court failed to properly apply Sec. 362(g), the trustee and the debtor should be given another opportunity to show why the stay should not be lifted.
 
 
 12
 REVERSED and REMANDED.
 
 HATCHETT, Circuit Judge, dissenting:
 
 13
 I dissent. The majority opinion does not address, consider, touch upon, or mention the issue the district court tried and the panel reviewed. To illustrate, I set forth below the pertinent orders, beginning with the bankruptcy court's order:
 
 
 14
 At Mobile in said District on the 27th day of September, 1985, before [name] Bankruptcy Judge:
 
 
 15
 This matter having come on for hearing upon the Motion of Overhead Door Corporation (hereinafter called Overhead), seeking relief from the stay of 11 U.S.C. 362 in order to foreclose its interest in certain personal property, more particularly described in said Motion; due notice of hearing having been given; and [name] having appeared as attorney for Overhead; and the Trustee, [name] and his attorney, [name] having appeared; and evidence having been presented;
 
 
 16
 Now, therefore, the Court finds, concludes and orders as follows:
 
 FINDINGS OF FACT
 
 17
 1. The debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 4, 1985, and [name] is the duly appointed, qualified and acting Trustee.
 
 
 18
 2. On August 9, 1984, the debtor gave Overhead Door Corporation a security interest in the following described personal property, to-wit:
 
 
 19
 a. Inventory
 
 
 20
 b. Accounts receivable, now existing or after-acquired;
 
 
 21
 c. Rights to the payment of money, existing or after-acquired;
 
 
 22
 d. Contract rights, existing or after-acquired;
 
 
 23
 e. General intangibles, now owned or after-acquired;
 
 
 24
 f. All interest in goods or merchandise as to which an account receivable for goods sold or delivered has arisen.
 
 
 25
 g. All goods, instruments, documents of title, policies and certificates of insurance, securities, chattel paper, deposits, cash or other property owned by the debtor or in which it has no interest which are now or may hereafter be in the possession of the Secured Party of as to which the Security Party may now or hereafter control possession by documents of title or otherwise;
 
 
 26
 h. All equipment, machinery, and tools of trade now owned or after-acquired;
 
 
 27
 i. Proceeds and products of the foregoing.
 
 
 28
 3. This security interest was given to secure payment of a note executed by the debtor on August 9, 1984, in favor of Overhead.
 
 
 29
 4. On August 30, 1984, Overhead recorded its claimed security interest in the office of the Secretary of State, Montgomery, Alabama.
 
 
 30
 5. The market value of the debtor's machinery is $15,897.00; of the equipment is $1,491.50; and of the debtor's phone and computer systems is $8,280.00; and the market value of the debtor's inventory is less than the balance owed.
 
 
 31
 6. The balance due on the note executed by the debtor on August 9, 1984, is more than the fair market value of the alleged security.
 
 
 32
 7. In the security agreement dated August 9, 1984, the debtor granted to Overhead a security interest in substantially all the property and assets of the debtor. [Emphasis added.]
 
 
 33
 8. The debtor did not execute a corporate resolution authorizing the pledge of substantially all of its assets nor did its directors authorize such a resolution. [Emphasis added.]
 
 CONCLUSIONS OF LAW
 
 34
 At the hearing of this matter, this Court gave Overhead the opportunity of submitting a brief in support of its position and also gave Overhead the opportunity to supplement the record with a copy of a corporate resolution authorizing the August 9, 1984, transaction. While a brief was filed herein, a copy of the corporate resolution was not.
 
 
 35
 Under Section 10-2A-160, Code of Alabama (1975):
 
 
 36
 "The Sale, lease, exchange, mortgage, pledge or other disposition of all, or substantially all, the property and assets of a corporation in the usual and regular course of its business may be made upon such terms and conditions and for such consideration, which may consist in whole or in part of cash or other property, including shares, obligations or other securities of any other corporation, domestic or foreign, as shall be authorized by its board of directors; and in any such case no authorization or consent of the shareholders shall be required, unless required by the provisions of the Constitution of Alabama as the same may be amended from time to time." [Emphasis added.]
 
 
 37
 Overhead nevertheless argues in brief that since the Trustee did not raise this issue, this Court should not consider it. Overhead argues that the Trustee did not file an answer as required by Federal Rules of Civil Procedure and that the Trustee did not raise an affirmative defense and that the argument is therefore foreclosed.
 
 
 38
 This proceeding was brought under Bankruptcy Rule 9014 and this Court, in accordance with that rule, never ordered an answer or that the rules of Part VII (adversary proceedings) shall apply in this case. Overhead's argument that the Trustee failed to answer and assert an affirmative defense is therefore not well taken. [Emphasis added.]
 
 
 39
 See: In re GAC Corp.
 
 681 F.2d 1295 (11th Cir.1982)
 
 40
 From the evidence presented herein, Overhead failed to show that the directors of the debtor corporation authorized the pledge of substantially all of its assets, it was granted time to produce such a corporate resolution. Consequently, its claimed security interest is defective. [Emphasis added.]
 
 
 41
 Since from the record herein Overhead does not hold a perfected security interest in the personal property at issue in this case, the relief sought cannot be granted.
 
 Section 362(d)(2), Bankruptcy Code
 ORDER
 
 42
 Now, therefore, it is hereby ORDERED, ADJUDGED and DECREED that the relief sought in the Motion of Overhead Door Corporation be, and it hereby is DENIED.
 
 
 43
 [Bankruptcy Judge]
 
 
 44
 [Emphasis added.]
 
 
 45
 What did the Bankruptcy Court decide? It held: "From the evidence presented herein, Overhead failed to show that the directors of the debtor corporation authorized the pledge of substantially all of its assets,.... Consequently, its claimed security interest is defective." [Emphasis added.]
 
 The district court's order is as follows:
 ORDER
 
 46
 This cause comes before the Court on an appeal from the decision of the Bankruptcy Judge that Overhead Door Corporation does not have a valid security interest. The decision of the Bankruptcy Judge is not clearly erroneous. On the basis of the opinion issued by the Bankruptcy Judge, adopting the same as the opinion of the Court, it is hereby ORDERED that the decision is AFFIRMED.
 
 
 47
 [District Judge]
 
 
 48
 What did the district court hold? It held that the bankruptcy judge's finding that Overhead Door Corporation did not have a valid security interest in the personal property of a debtor corporation that sought to pledge substantially all of its assets [under Alabama law] was not clearly erroneous. In this case, at 809 F.2d 1534 (11th Cir.1987), now vacated, the panel held "that the district court properly ruled that a creditor did not hold a perfected security interest [under Alabama law] in the bankrupt's personal property sufficient to allow relief from the automatic stay imposed by 11 U.S.C. Sec. 362(d).[1] Everyone who touched this case, except the in banc majority, thought the case concerned the perfection of a security interest in personal property under an Alabama statute where a debtor corporation sought to pledge substantially all of its assets. The in banc court, in this instance, has reviewed a case the district court never tried and the panel never considered.
 
 
 49
 Even more disturbing, the majority in banc, seeks to place a burden of proof without realizing the significance of the fact that the proceeding "was brought under Bankruptcy Rule 9014."[2] THIS WAS NOT AN ADVERSARY PROCEEDING.
 
 
 50
 What effect is to be given to Section 10-2A-160, Code of Alabama? None! Why? The majority's opinion effectively repeals the statute.
 
 
 
 *
 Honorable John C. Godbold, Circuit Judge, did not participate in the consideration or disposition of this appeal
 
 
 [1]
 Section 362(d)(2) of the Bankruptcy Code provides:
 On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
 (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
 (2) with respect to a stay of an act against property under subsection (a) of this section, if--
 (A) the debtor does not have an equity in such property; and
 (B) such property is not necessary to an effective reorganization.
 
 
 [2]
 Rule 9014, in pertinent part provides:
 In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court orders an answer to a motion. The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004, and, unless the court otherwise directs, the following rules shall apply: 7021, 7025, 7026, 7028-7037, 7041, 7042, 7052, 7054-7056, 7062, 7064, 7069, and 7071. The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply. A person who desires to perpetuate testimony may proceed in the same manner as provided in Rule 7027 for the taking of a deposition before an adversary proceeding. The clerk shall give notice to the parties of the entry of any order directing that additional rules of Part VII are applicable or that certain of the rules of Part VII are not applicable. The notice shall be given within such time as is necessary to afford the parties a reasonable opportunity to comply with the procedures made applicable by the order. [Emphasis added.]