In re Lawrence S. CRAGHEAD, Debtor.

**COMMUNITY FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff,**

v.

**Lawrence S. CRAGHEAD, Defendant.**

Bankruptcy No. 84–01584–C–11.

No. 85–0389–CV–C–5.

United States District Court, W.D. Missouri, C.D.

Nov. 27, 1985.

John G. Young, Jr., Susan M. Sieone, William J. Bruin, Jr., Ziercher, Hocker, Human, Michenfelder & Jones, Clayton, Mo., for plaintiff.

Victor Tell Neff, Bushman, Neff, Gallaher & Brown, Jefferson City, Mo., for defendant.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Lawrence Sherwood Craghead, debtor/appellee herein, owns 458 acres of farmland in Auxvasse, Missouri. He farms another 800 nearby acres per a lease arrangement. Community Federal Savings and Loan Association, appellant herein, holds a [first] deed of trust on the 458–acre farm property. The deed of trust secures a December, 1978 loan in the original principal balance of $240,000. The deed of trust is superior to three junior deeds of trust, held by the FmHA, SBA, and American Bank of Centralia. The total indebtedness owing on all of the liens and incumbrances against the farm property is $660,455.00 [1].

### Background

On May 17, 1984, Craghead filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Appellant Community Federal Savings and Loan Association filed a

motion for relief from the automatic stay and/or adequate protection on August 22, 1984, requesting the Bankruptcy Court to allow the foreclosure of the first deed of trust held by Community Federal. A hearing date was set for October 3, 1984.[2] Answer to the motion was filed by the debtor on September 12, 1984. Hearing on the motion was indeed held October 3, 1984, with each party appearing and adducing evidence.

This cause now comes before this Court as an appeal from United States Bankruptcy Judge Frank P. Barker's March 29, 1985 order denying Community Federal's request for relief from the automatic stay. Appellate jurisdiction lies herein by way of 28 U.S.C. § 158(a). Appellant maintains that the automatic stay expired by operation of law on September 22, due to the Bankruptcy Court's failure to hold a hearing on the motion within thirty days of its filing. Appellant further challenges the Bankruptcy Court's conclusion that the property underlying the deed of trust is necessary to an effective reorganization of debtor's estate, thereby precluding relief from the stay.

### Standard of Review

■ Findings of fact made in the Bankruptcy Court may not be set aside by this Court unless they are clearly erroneous. *See* Bankruptcy Rule 8013. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been made. *First National Bank of Clinton v. Julian*, 383 F.2d 329 (8th Cir.1967). The correctness of ultimate conclusions of law, however, must be independently determined by this Court, and conclusions of law

---

1. Uncontroverted appraisal testimony valued the farm property owned by the debtor at $458,000.00 ($1,000.00 per acre). Debtor's list of unsecured creditors includes approximately $7,000 of debt to three Las Vegas hotels for credit extended in 1984. Debtor maintains these advances were attractive for use as operating funds due to the fact that "they don't charge you any interest out there."

2. Contested bankruptcy matters in the Central Division of the Western District are heard in Jefferson City once a month. The September, 1984 sitting of the Court occurred September 5 and 6. This case was heard the following month on the Court's [next] contested docket.

must be overturned if they are found erroneous, rather than clearly erroneous.

## Opinion

When a petition in bankruptcy is filed such as in the case at bar, 11 U.S.C. § 362 operates to effect an automatic stay of most creditor action against the debtor and his property. The goal and purpose of the stay is to prevent chaotic and uncontrolled dismantling of the debtor's property prior to review of the case by the Bankruptcy Court. The stay, however, works a significant frustration on secured creditors, for they are deprived of a basic ingredient of their bargain—the right to resort to the collateral in satisfaction of their debt. *See In re Pitts*, 2 B.R. 476, 477 (Bkrtcy.Ca. 1979). The Bankruptcy Code, more specifically 11 U.S.C. § 362(d), provides a vehicle with which such creditors can challenge the continued necessity for the stay.[3]

Once such a request for relief has been made, however, § 362(e) provides that the stay will terminate within thirty (30) days, unless the Court, after notice and hearing, orders the stay to be continued. Relying on § 362(e), appellant thus claims that the Bankruptcy Court's failure to promptly conduct a hearing on their request for relief from the stay (i.e. within thirty days of its filing) terminated the stay, by operation of law, and thus deprived that court of jurisdiction to [ultimately] deny appellant relief. Appellant's position over-simplifies the issues presented by the Bankruptcy Court's failure to hold the relief hearing within 30 days of the filing of the request.

Reported decisions have suggested a variety of results where the failure to promptly hold a hearing occurs. Given the balance sought to be struck between protection of the debtor's estate and recognition of a [secured] creditor's previously established right in the property, the Court is inclined to agree that the time limits provided are analogous to jurisdictional limits on the Bankruptcy Court's power to act absent independent statutory authority. *See, e.g.*, 11 U.S.C. § 105(a). The Court's disposition of this matter, however, avoids a resolution of the effect of the Bankruptcy Court's failure to promptly hold a hearing appellant's request for relief from the automatic stay, yet recognizes that appellant's position thereon has support both by the language of § 362 itself and reported interpretations thereon.[4]

---

**3.** 11 U.S.C. § 362(d)

On a request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(a) the debtor does not have an equity in such property; and

(b) such property is not necessary to an effective reorganization.

**4.** Although 11 U.S.C. § 362(e) provides, by its terms, that a [self-executing] termination of the automatic stay occurs thirty days after a request for relief is filed—absent court-ordered continuance or decision—reported cases indicate that the mere passage of thirty days does not always operate to divest the Bankruptcy Court of jurisdiction to reinstate or continue the stay pursuant to a previously filed request for relief therefrom. While the thirty-day [expiration] limit is a Congressionally-designed attempt to promote

speedy resolution of an assertion of rights by a [secured] creditor and neutralize the potential adverse effect the stay may have on such a creditor's previously established rights, courts have been willing to find a "waiver" of the thirty-day limitation where creditors have proceeded without objection to hearing thirty days beyond the filing of their request for relief from the stay, *see Borg-Warner Acceptance Corporation v. Hall*, 685 F.2d 1306, 1308 (11th Cir.1982), filed discovery requests contemplating responses beyond the thirtieth day after a request for relief is filed, *see In re Small*, 38 B.R. 143, 147 (Bkrtcy.D.Md.1984), or have received notice of active opposition to their position within the thirty-day time period. *See In re Wilmette Partners*, 34 B.R. 958, 961 (Bkrtcy.D.Ill.1983). Moreover, expiration of the stay at the thirtieth day has been ignored where "unique facts and circumstances of [a] case indicate an opposite result." *See Memphis Bank & Trust Co. v. Brooks*, 10 B.R. 306 (W.D.Tn.1981) (time pressures created by a judicial vacancy, uncertainty spawned by adoption of new Bankruptcy Code, and "bulging, ever increasing docket load" excuse strict application of stay termination provisions). Finally, some courts have indicated, re-

Assuming then, arguendo, that the Bankruptcy Court had the power to ultimately resolve the issues raised by appellant's request for relief from the stay, the Court yet finds the Bankruptcy Court's conclusion that the property in question was necessary to an effective reorganization to be clearly erroneous given the evidence of record.

■ Section 362(d) of the Bankruptcy Code provides a vehicle by which a [secured] creditor can test the continued need for the stay imposed by law upon petitioner's bankruptcy filing. Relief from the stay is afforded, *inter alia,* where the debtor lacks equity in the subject property *and* such property is not necessary to an *effective* reorganization. 11 U.S.C. § 362(d)(2)(A, B). (Emphasis added).

■ The Bankruptcy Court properly found that the debtor/appellee possessed no equity in the subject property.[5] Thus, in order to enjoy continued protection from foreclosure, the debtor must establish that this property is necessary to an *effective* reorganization. 11 U.S.C. § 362(d)(2) (emphasis added). Appellee concedes the burden of proof rests with him alone on this issue. *See* 11 U.S.C. § 362(g); *LaJolla Mortg. Fund v. Rancho El Cajon Associates,* 18 B.R. 283, 290 (Bkrtcy.D.Ca.1982).

(Party requesting relief has burden on issue of equity and nothing else). Thus, it is incumbent upon the debtor to establish that the subject property is necessary to a proposed and effective reorganization.

Debtor's petition was filed on the eve of foreclosure. Debtor readily admits the filing was undertaken to postpone or forestall the foreclosure, and thereby take advantage of the attendant benefits of the automatic stay. Section 362(d)(2) was added to the Code as a direct response to situations, such as the instant, involving real property mortgage foreclosures where the petition for relief is filed in the Bankruptcy Court on the eve of the foreclosure. *LaJolla Mortg. Fund, supra,* 18 B.R. at 289. The effect of this section allows creditors to immediately proceed against the property where the debtor has no equity, and where it is unnecessary to the reorganization— even in instances where the debtor can provide adequate protection under § 362(d)(1). The facts of the instant action present a "classic" case for the use of § 362(d)(2) to strike a balance between creditor's rights and debtor's need for "breathing room" in order to rehabilitate or liquidate in an orderly manner.

■ At the time debtor filed his petition, he neither had a plan of reorganization

---

gardless of the Bankruptcy Court's stated intentions, that insofar as a Bankruptcy Court possesses the power under 11 U.S.C. § 105 to exercise necessary/appropriate injunctive relief, creditors should not be allowed to capitalize on a Bankruptcy Court's failure to timely schedule a hearing to the detriment of the debtor. *See Borg-Warner Acceptance Corp. v. Hall,* 685 F.2d 1306 (11th Cir.1982); *Memphis Bank & Trust Co. v. Brooks,* 10 B.R. 306 (W.D.Tn.1981). Query whether this refusal to respect and acknowledge the thirty-day limitation is consistent with the Congressional goal and purpose in erecting the automatic stay and an attendant method to avoid it in appropriate instances including as a result of passage of time.

Although the Court is reluctant to assert that jurisdictional matters can ever be waived, it is not altogether certain this is such a matter. Neither is this a situation where a creditor's assertion that the stay has expired is accompanied by a threatened or actual foreclosure. Appellant has neither attempted to foreclose on this property (despite their assertion that the

stay has long ago expired), nor did they raise this issue at the hearing conducted by the Bankruptcy Court some forty-two days after their request for relief was filed. The Court notes that appellant's first mention of the thirty-day limitation came five months thereafter by way of a letter to the Bankruptcy Court.

Although this Court is reluctant to speculate as to the unstated [statutory] basis under which the hearing and subsequent order were undertaken, e.g. 11 U.S.C. § 105(a), by the same token, the Court would be hardpressed to conclude that the Bankruptcy Court somehow lacked jurisdiction to issue such an order in a pending Chapter 11 action by reason of the passage of thirty days prior to hearing on appellant's request for relief from the stay.

**5.** Although appellee takes exception to the Bankruptcy Court's use of the "majority rule" in determining the [non]existence of equity in the subject property, this portion of the Court's order below was not appealed from and thus is not subject to challenge.

envisioned nor filed. During the hearing on appellant's request for relief, debtor admitted that his purpose in filing the Bankruptcy petition was to stay an impending foreclosure action being undertaken by appellant (Tr. 27). No reorganization plan was filed at the time of the hearing—some forty-two days after the petition was filed. (Tr. 24). The law does not require the formulation and submission of a plan of an actual plan of reorganization acceptable to creditors within any particular period of time. *See In re Saypol,* 31 B.R. 796, 803 (Bkrtcy.D.N.Y.1983). A debtor is required, however, to demonstrate that there is a reasonable probability that he will be able to propose a plan that will result in a successful reorganization within a reasonable time. *Id.* Debtor herein conceded that he merely had a plan "in his own mind" regarding the reorganization of his estate (Tr. 26). Debtor indicated he expected to "refinance possibly" and "reconstruct the whole thing" (Tr. 27). There was no evidence, however, that lenders or financial institutions were approached, much less receptive to undertaking this for debtor. Indeed, debtor conceded that he had yet to contact any lenders (Tr. 33).

A reasonable probability cannot be grounded solely on speculation. The Code requires the debtor to prove that an effective reorganization is possible and that the property will contribute to it. *Id.* There was evidence of record that revealed the property had been profitably farmed in the past,[6] however, the debtor offered no evidence beyond optimistic expectations for the future that the property could generate sufficient income in the future to service the attendant debt. *Cf. In re Rosey,* 44

B.R. 186, 189 (B.R.W.D.Mo.1984). On these facts and this evidence the Bankruptcy Court concluded, as a matter of law, that "foreclosing on the property at this time would render the debtor's reorganization attempts impossible; the property is essential and the reorganization is feasible." (Memorandum Opinion and Order, pg. 5, *In re Craghead,* 84–01584–C–11, March 29, 1985).

■ Although the debtor clearly had sufficient—even extra—time (42 days) to prepare for the hearing on appellant's motion and thereby attempt to demonstrate that this property was necessary to an effective reorganization, this Court finds a total lack of record evidence from which this conclusion could have been reached. The debtor has clearly failed to sustain his burden thereon, and as such the decision of the Bankruptcy Court must be reversed.

This Court is sincerely sensitive to the position that this property holds in the debtor's hopes for the future.[7] An "effective" reorganization, however, as contemplated by § 362(d)(2)(B) requires more than an assertion that no reorganization is possible without the property, since all debtors advocating continuance of the automatic stay obviously regard all their assets as indispensible for reorganization purposes. *In re St. Peter's School,* 16 B.R. 404, 408 (Bkrtcy.D.N.Y.1982).

■ Beyond mere expressions of hope, debtor is required to offer evidence not only that the property sought to be foreclosed upon is *necessary* to effect a reorganization, but also that an effective reorga-

6. Interrogatories directed to debtor reveal recent income and expenses derived from debtor's operation of the property to be as follows:

| | Income | Expense |
|---|---|---|
| 1978 | $159,447 | $114,378 |
| 1979 | 123,127 | 108,815 |
| 1980 | 44,375 | 143,659 |
| 1981 | 132,163 | 100,995 |
| 1982 | 153,044 | 123,197 |
| 1983 | 107,023 | 125,418 |

The debtor submitted these figures as "approximations" only, since [he] also farms other land which he doesn't own; based on a total per/acre yield average times the number of acres. For 1983, debtor also reports a $25,300 loss from the commodity market.

7. There is evidence that debtor also farms (profitably) 800 nearby acres on a lease arrangement, however, debtor testified that he cannot be entirely certain that the leases can be obtained from year to year (Tr. 22).

nization is realistically possible; the mere fact that the property is necessary or even indispensible to the debtor's survival is insufficient. *See In re Albany Partners*, 749 F.2d 670, 673 n. 7 (11th Cir.1984). At the time of the hearing, debtor/appellee had presented no prospect for present financial restructuring nor had he filed a plan of reorganization. *Cf. In re Boca Development Associates*, 21 B.R. 624, 630 (Bkrtcy.D.N.Y.1982). There was nearly an absolute failure of proof on debtor's part to present evidence that would indicate that this property was necessary to an effective reorganization, or that such reorganization is even feasible or within the realm of reasonable possibility. The Court is not unmindful of the role this property plays in the operation of debtor's business, nor is the Court ignorant of the current plight of today's farmer. However, as an appellate reviewer of the Bankruptcy Court's decision below, the Court is constrained to work within the confines of Bankruptcy Rule 8013 and 11 U.S.C. § 362(d)(2). The debtor has failed to meet his burden thereunder, thus providing little if any evidence upon which the Bankruptcy Court's decision to continue the stay could properly be based.

The Bankruptcy Court's [unexplained] five-month delay in rendering its decision on appellant's request for relief from the stay has undermined the clear purpose behind 11 U.S.C. § 362(d)(2). Insofar as the possibility of a prompt challenge to the need for a continuation of the stay has long since evaporated, this Court will remand the action for the taking of [additional] evidence directed to the necessity of this property to the effective reorganization of debtor's estate. *See* Bankruptcy Rule 8013.

Accordingly, it is hereby

ORDERED that the decision of the Bankruptcy Court be reversed, and this action be remanded for hearing and decision on appellant's request for relief within thirty (30) days.