**In re KURTH RANCH; Kurth Halley Cattle Company; Richard M. and Judith Kurth, husband and wife; Douglas M. and Rhonda I. Kurth, husband and wife; and Clayton H. and Cindy K. Halley, husband and wife, Debtors.**

**Bankruptcy No. 88–40629.**

United States Bankruptcy Court,
D. Montana.

Feb. 9, 1989.

**34**

John Doubek Livery Square 39 Neill Ave. Helena, Mont., for debtor.

Robert G. Drummond, Great Falls, Mont., trustee.

John P. Paul, Great Falls, Mont., for Farm Credit Services.

Arthur G. Matteucii, Great Falls, Mont., for Norwest Bank Great Falls.

R. Bruce McGinnis, Office of Legal Affairs, Helena, Mont., Tax Counsel for Montana Dept. of Rev.

### ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 11 case, the Farm Credit Bank of Spokane, formerly Federal Land Bank of Spokane (FCS), has filed a Motion for Relief of the Automatic Stay under § 362(d) of the Bankruptcy Code. Objections to the motion have been filed by some of the petitioning Debtors and the Trustee, who was appointed in this proceeding by reason of financial misuse of estate funds. Hearing on the motion was held on January 24 and 30, 1989. This Chapter 11 case has been pending since September 9, 1988, with a Trustee being appointed on December 2, 1988. FCS, together with the other major secured creditor, Norwest Bank of Great Falls, filed a motion for appointment of the Trustee, in opposition to the Debtors' motion for dismissal of the case. The Trustee was appointed, and dismissal denied. The Trustee's objections to the request of FCS for relief of the stay is that FCS is an undersecured creditor, and by reason of such fact cannot meet the criteria of 362(d)(1) of the Code. Further, the Trustee objects that the collateral of FCS is "essential to any reorganization", since the income produced from the land is necessary to fund any Plan of Reorganization. The Debtors argue along the same line, but neither the Trustee nor the Debtors have filed a Plan of Reorganization, nor did either party present any testimony at the hearing on the FCS motion.

Two of the Debtors who filed the Chapter 11 are Richard and Judith Kurth, husband and wife, sole obligors of the FCS debt. Richard is presently incarcerated in the Montana State Prison, and his present counsel has withdrawn as counsel of record. Amended Schedules and Statements of Affairs are due to be filed by each Debtor by February 10, 1989. The Trustee is evidently seeking the employment of a ranch manager to conduct the daily operations.

The Kurth debt to FSC totals $1,447,299.01, based on three separate promissory notes and mortgages. The market value of the farm property was fixed by the FSC appraiser at $912,000.00, which is allocated to the various notes as follows:

Note 188849–8—$ 187,983.66—collateral $101,081.00

Note 188850–4—$ 196,304.05—collateral $113,588.00

Note 192426–1—$1,063,011.30—collateral $697,303.00

The only appraisal testimony introduced at the hearing was that of FCS, and it is apparent from the record that such appraisal evidence was credible, and established the fair market value of the land. From such evidence, I find there is no equity in the property for the benefit of the Debtors Kurth or the estate.

■ Under Section 362(d)(2), the Court should grant relief from the stay, if—

"(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to to an effective reorganization."

On the issue of lack of equity, the moving party FCS has the burden of proof. § 362(g)(1). On all other issues, including whether the property is necessary for effective reorganization, the Debtor, and in this case the Trustee, has the burden of proof. § 362(g)(2). Since I have concluded there is no equity in FCS's collateral, FCS has sustained its burden of proof under § 362(g)(1). The issue before the Court is thus whether the property is necessary for an effective reorganization. On this issue, the Trustee and the Debtors argue that without the ranch property, no reorganization is possible. Such argument begs the issue, however, and is premised on a failure of such parties to recognize that the property must not only be necessary for reorganization, but that reorganization is feasible under the Code.

■ The applicable law is stated in *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 632–33, 98 L.Ed.2d 740 (1988), where the Supreme Court held:

"[N]ot merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect.* This means, as many lower courts, including the *en banc* court in this case, have properly said, that there must be 'a reasonable possibility of a successful re-organization within a reasonable time'. [*In re Timbers of Inwood Forest Associates, Ltd.*] 808 F.2d [36] at 370–371 [5th Cir.1987] and NN 12–13 and cases cited therein. The cases are numerous in which § 362(d)(2) relief has been provided within less than a year from the filing of the bankruptcy petitions. (Cites omitted). And while the bankruptcy courts demand less detailed showings during the four months in which the debtor is given the exclusive right to put together a plan, see 11 U.S.C. §§ 1121(b), (c)(2), even within that period lack of any realistic prospect of effective reorganization will require § 362(d)(2) relief." (Emphasis in original).

The precise issue decided by *Timbers,* supra, has been discussed in *In re National Real Estate Ltd. Partnership 11*, 87 B.R. 986, 990 (Bankr.E.D.Wis.1988), where the Court held:

"The key word in analyzing this second element under § 362(d)(2) is 'effective'. Most courts have adopted what is known as the feasibility test. *In re Cablehouse, Ltd.*, 68 B.R. 309 (Bankr.S.D.Ohio 1986); *In re Craghead*, 57 B.R. 366 (W.D.Mo. 1985); *In re Anderson Oaks*, 77 B.R. [108] at 108 [Bankr.W.D.Tex.1987]; *Matter of Terra Mar Assoc.*, 3 B.R. 462 (Bankr.D.Conn.1980); *In re Boca Development Assoc.*, 21 B.R. 624 (Bankr.S.D. N.Y.1982). Under this test, the debtor must show that there is a reasonable probability of a successful reorganization within a reasonable time. This proposition was recently affirmed by Justice Scalia in *United Savings Association of Texas v. Timbers of Inwood Forest Associates Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). Justice Scalia declared that there are situations early in the chapter 11 proceedings—even during the initial 4–month period within which the debtor has the exclusive right to submit its plan—where relief from stay under § 362(d)(2) is appropriate. Each case must be viewed on the basis of its own particular facts, and there must be a balancing of the interest of the debtor with the interest of the secured creditor

in its collateral. *See, In re Diplomat Electronics Corp.*, 82 B.R. 688 (Bankr.S. D.N.Y.1988), in which the court, guided by *Timbers*, granted the creditor's motion for relief from stay pursuant to § 362(d)(2) during the 4–month exclusive period in which the debtor had to file its plan.

There is also a contrary line of cases which applies the necessity test. Under this standard, the debtor need not show a reasonable likelihood of a successful reorganization. All that need be shown is that no reorganization is possible without the property. *See, In re Padgett*, 74 B.R. 65 (Bankr.S.D. Ohio 1987); *In re Koopmans*, 22 B.R. 395 (Bankr.D. Utah 1982); *In re Rassier*, 85 B.R. 524, 17 B.C.D. 668 (Bankr.D.Minn.1988). This court rejects the necessity test. That test ignores the word 'effective' appearing in § 362(d)(2) and is contrary to Justice Scalia's pronouncement in *Timbers*. This court adopts the feasibility test as constituting the better reasoned view."

In accord with the above holding is *Matter of 8th Street Village Ltd. Partnership*, 88 B.R. 853 (Bankr.N.D.Ill.1988), aff'd, 94 B.R. 993 (N.D.Ill. 1988). In *In re Chandler*, 98 B.R. 516, 6 Mont.B.R. 114, 117 (Bankr. Mont.1988), the Court specifically adopted the *Timbers* rationale, and further noted:

> "Of course, in line with *Timbers*, this court notes that once the exclusive period of 120 days has passed, as is the case here, a pronounced effort must be made by the Debtor that a realistic prospect of reorganization is probable. Since this court now has before it the proposed plan, it is in a position to rule whether the debtors have sustained their burden of proof under § 362(g)(2)."

Unlike the factual situation in *Chandler*, *8th Street*, and *National Real Estate*, no Plan has been proposed by the Debtors or Trustee, nor did any Debtor or the Trustee testify at the hearing as to the contents of any prospective Plan which could be confirmed by the Court. Both the Debtors and the Trustee rested their case on an erroneous interpretation of § 362(d)(2), which is legally insufficient to satisfy

§ 362(g)(2). The Court is thus left with no alternative but to grant the FCS motion for relief from the stay since it cannot conclude on the basis of the present record that an effective Plan of Reorganization is in prospect.

IT IS ORDERED the Motion for Relief of the Automatic Stay filed by Farm Credit Services of Spokane is granted.