REPUBLIC NATIONAL BANK OF DALLAS, Trustee, and Texas Bank & Trust Company of Dallas, Appellants,

v.

Elijah CRIPPEN, Trustee of Bankers Discount Corporation, Debtor, Appellee.

No. 15303.

United States Court of Appeals Fifth Circuit.

June 30, 1955.

John B. Stigall, Jr., Larry DeBogory, DeBogory & DeBogory, Dallas, Tex., for appellants.

Thomas R. Hartnett, III, Dallas, Tex., for appellee.

Before RIVES, Circuit Judge, and DAWKINS and DE VANE, District Judges.

DE VANE, District Judge.

Bankers Discount Corporation, hereinafter called debtor, is a finance company engaged in the purchase of instalment consumer papers from wholly owned subsidiaries, financing its operations by collateralizing such papers to commercial banks upon short-term notes. The debtor became financially involved and in April, 1953 filed its petition, pursuant to Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., for an arrangement of its unsecured creditors.

Proceedings thereunder continued in the District Court for the Northern District of Texas, Dallas Division with little or no successful progress until March 31, 1954 when certain creditors of the debtor filed a petition under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., for a reorganization of the corporation.

Appellee, Elijah Crippen, was duly appointed trustee of the debtor. Subsequently the trustee filed plans for the reorganization of the corporation. Appellants were holders in due course of collateralized notes of the debtor in substantial amounts and had prior to any of the proceedings in the District Court referred such notes to counsel for collection. The indebtednesses due appellants were adequately secured and it was not necessary for appellants to join in or consent to the plan for reorganization of the group. They did, however, agree to join such plan and were classified as secured Class 1 creditors.

Article 5 of the plan specifically provided that secured Class 1 creditors were to receive "in cash their costs, trustee's fees and attorney's fees in an amount to be allowed by the court but secured creditors shall not receive any penalty interest. The amount to be paid to secured creditors under this plan shall not

be charged with any costs of court nor any other costs in connection with any proceeding."

Subsequent to the approval by the court of the plan of reorganization, appellants duly filed their proof of claim for their costs, trustee's fees and attorney's fees as authorized by Article 5 thereof. Appellee filed objections thereto and appellants thereafter filed motions to expunge the objections of the trustee from the record. When these motions came on for hearing the court heard statements of counsel with respect to the claim of appellant Republic National Bank and promptly announced his refusal to hear testimony with respect to said claim or any similar claims and announced his intention to refuse to allow any Class 1 secured creditor any amount for costs, trustee's fees or attorney's fees; whereupon the court promptly entered orders disallowing both claims involved in this case.

The specification of error relied upon by appellants in this court is the refusal of the trial court to allow appellants to introduce any evidence in support of their claims. Other specifications of error were assigned, but the above specification is the heart of the whole controversy.

While this proceeding presented a difficult problem of reorganization to the court and while the court was, in many respects, thoroughly familiar with the entire case when the claims of appellants came on before it for hearing, yet the court was without authority to disregard and ignore Article 5 of the plan which gave to appellants "their costs, trustee's fees and attorney's fees in an amount to be allowed by the court." The right to be heard on their claims was a constitutional right and the denial of that right to them was the denial of due process which is never harmless error. Philadelphia Company v. Securities & Exchange Commission, 84 U.S. App.DC. 73, 175 F.2d 808; Interstate Commerce Commission v. Louisville &

Nashville Railroad Co., 227 U.S. 88, 91, 33 S.Ct. 185, 57 L.Ed. 431.

Despite the broad judicial discretion given the court to determine what, if any, costs, trustee's fees or attorney's fees should be allowed appellants, it was clearly error for the court to refuse to grant appellants hearings on their claims and for this reason the case is reversed and remanded to the District Court for further proceedings not inconsistent with this opinion.