PELL, Senior Circuit Judge.
 

 Debtor-appellant Leslie G. Boomgarden appeals from the district court’s decision affirming the bankruptcy court’s order, which lifted the automatic stay as to the creditor, Five Avco Financial Services, Inc. (Avco).
 

 Procedural History:
 

 Leslie Boomgarden and his wife Barbara own the beneficial interest in Land Trust 9471 of the First Bank of Oak Park. This land trust secures the Boomgardens’ principal residence at 1931 Dean Street in Des Plaines, Illinois. Avco made loans to Boomgarden, and it accepted an assignment of the beneficial interest as collateral. The Boomgardens previously had a purchase money mortgage on their home from Clyde Savings and Loan Association, which Avco subsequently acquired from Clyde. In July 1984, when Boomgarden was nine months late in making payments on the loan secured by the land trust, Avco scheduled a Uniform Commercial Code (UCC) sale of the beneficial interest. Barbara Boomgarden filed a Chapter 13 bankruptcy petition on July 10, 1984, three days before the sale. This filing triggered the automatic stay provision of 11 U.S.C. § 362(a), and thus prevented Avco from holding the sale. On September 5, 1984, Bankruptcy Judge McCormick lifted the stay. Barbara Boom-garden never attempted to appeal or vacate this order.
 
 [1]
 

 
 *659
 
 Avco planned a second UCC sale of the beneficial interest for October 10, 1984, but Leslie Boomgarden filed a Chapter 13 petition on October 5, 1984, thus invoking the automatic stay again. When Avco presented an emergency motion to modify the stay on October 9, 1984, Judge McCormick again cancelled the sale and set a hearing for November 7, 1984. At this hearing, the bankruptcy court lifted the stay against Avco, and it refused Boomgarden’s request for an “evidentiary hearing” on Avco’s motion. Two months later, on January 5, 1985, Boomgarden’s Chapter 13 plan was confirmed.
 

 Boomgarden appealed the bankruptcy court’s order to the district court, and on April 26, 1985, Judge Moran affirmed the court’s decision to lift the automatic stay. He subsequently denied Boomgarden’s motion for a rehearing on May 21, 1985, and this appeal followed.
 

 I.
 

 Because “only final orders by the district courts in bankruptcy cases are appealable to the courts of appeals,”
 
 In re Fox,
 
 762 F.2d 54, 55 (7th Cir.1985);
 
 Firestone Tire & Rubber Co. v. Goldblatt Bros., Inc.,
 
 758 F.2d 1248, 1249 (7th Cir.1985);
 
 In re Riggsby,
 
 745 F.2d 1153, 1155 (7th Cir.1984);
 
 see also
 
 28 U.S.C. § 1293(b), we must first determine whether we properly have jurisdiction of this case.
 
 Liberty Mutual Insurance Co. v. Wetzel,
 
 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976);
 
 In re Cash Currency Exchange, Inc.,
 
 762 F.2d 542, 545 (7th Cir.1985).
 

 This court and others have held that a district court’s decision on an appeal from a bankruptcy court’s interlocutory order generally is not a final order for purposes of further appellate review under section 1293(b).
 
 In re Riggsby,
 
 745 F.2d at 1154;
 
 In re Tidewater Group, Inc.,
 
 734 F.2d 794 (11th Cir.1984);
 
 In re Comer,
 
 716 F.2d 168 (3d Cir.1983). And a district court’s decision on an appeal from a bankruptcy court’s final order will be reviewed only if it also is final.
 
 Riggsby,
 
 745 F.2d at 1155. Thus, an order by the district court remanding the case to the bankruptcy court for further significant proceedings will not be automatically and immediately appeala-ble to this court, provided the order may be effectively reviewed on appeal from the bankruptcy court’s “final final” decision.
 
 Id.
 
 at 1156.
 

 “A ‘final decision’ generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.”
 
 Catlin v. United States,
 
 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). While the courts do not treat the finality requirement lightly, they recognize some special exceptions to the requirement, generally so as to avoid causing serious harm by delaying the appeal.
 
 See, e.g., Gillespie v. United States Steel Corp.,
 
 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964) (“danger of denying justice by delay” outweighed “inconvenience and costs of piecemeal reviews.”);
 
 Cohen v. Beneficial Industrial Loan Corp.,
 
 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) (collateral order doctrine);
 
 Forgay v. Conrad,
 
 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848)
 
 (For-gay-Conrad
 
 rule, order treated as final if it directs delivery of property and irreparable harm would result if appeal delayed).
 

 Under the recently enacted Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L.No. 98-353, 98 Stat. 333 (July 10, 1984), Boomgarden was allowed to appeal the bankruptcy judge’s lifting of the automatic stay provided the lifting was a final decision by the bankruptcy judge.
 
 See
 
 28 U.S.C. §§ 157(b)(2)(B) and 158(a), added in 1984;
 
 In re UNR Industries, Inc.,
 
 725 F.2d 1111, 1116 (7th Cir.1984). Even if it was not a final decision by the bankruptcy judge, the district court could still review it under 28 U.S.C. § 158(a), which gives the court discretion to hear interlocutory appeals from the bankruptcy court. Yet the district court’s decision would not necessarily be a final order for purposes of a subsequent appeal to this court.
 
 See In re Tidewater Group, Inc.,
 
 734 F.2d 794 (11th Cir.1984).
 

 We believe that the bankruptcy court’s lifting of the automatic stay here,
 
 *660
 
 which permitted Avco to proceed with its UCC sale of the beneficial interest covering Boomgarden’s real estate, is a final order. While the proceedings before the bankruptcy court were summary in nature, the district court did not remand the case to the bankruptcy judge for significant further proceedings.
 
 See In re Fox,
 
 762 F.2d 54, 55 (7th Cir.1985) (remand not final unless only a ministerial task remains to be done).
 

 In holding that we properly have jurisdiction of this case, we adopt the reasoning of the court in
 
 In re American Mariner Industries,
 
 784 F.2d 426, 429 (9th Cir.1984).
 
 See also In re Regency Woods Apartments,
 
 686 F.2d 899, 902 (11th Cir.1984). In
 
 In re American Mariner Industries,
 
 the court questioned whether a decision which affirms an order that denies relief from an automatic stay is final for the purpose of appellate jurisdiction. After examining the provisions of the bankruptcy case for expedited and ex parte proceedings in complaints for relief from the automatic stay,
 
 see
 
 11 U.S.C. § 362(e), the court concluded that Congress intended the courts to adjudicate conclusively and expeditiously, apart from the bankruptcy proceedings as available, complaints for relief from the automatic stay. Therefore, the court held that decisions of the bankruptcy courts granting or denying relief from the automatic stay under section 362(d) are final decisions.
 
 In re American Mariner Industries,
 
 734 F.2d at 429. We similarly hold that the bankruptcy court’s lifting of the automatic stay as to Boomgarden’s beneficial interest was a final decision for the purposes of appellate review under 28 U.S.C. § 1293(b) (1985).
 
 [2]
 

 II.
 

 A second threshold issue involves this court’s standard of review. We must accept the bankruptcy court’s findings of fact unless they are clearly erroneous.
 
 In re X-Cel, Inc.,
 
 776 F.2d 130, 131 (7th Cir.1985);
 
 In re Hellums,
 
 772 F.2d 379, 381 (7th Cir.1985);
 
 In re Kimzey,
 
 761 F.2d 421, 423 (7th Cir.1985);
 
 see also
 
 Fed.R.Civ.P. 52(a). We can, however, apply
 
 de novo
 
 review to conclusions of law of any lower court.
 
 Pullman-Standard v. Swint,
 
 456 U.S. 273, 287, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66 (1982);
 
 In re Tynan,
 
 773 F.2d 177, 178 (7th Cir.1985);
 
 In re Evanston Motor Co.,
 
 735 F.2d 1029, 1031 (7th Cir.1984).
 

 Because 11 U.S.C. § 362(d) commits the decision of whether to lift the stay to the discretion of the bankruptcy judge, his decision may be overturned only upon a showing of abuse of discretion.
 
 In re Holtkamp,
 
 669 F.2d 505, 507 (7th Cir.1982). In reviewing the bankruptcy court’s lifting of the stay, we thus need to consider the two major issues on appeal: (1) whether Boomgarden’s due process rights were violated by the bankruptcy judge’s purported failure to provide appellant with an adequate hearing prior to lifting the automatic stay; and (2) whether the decision of the bankruptcy court was an abuse of discretion.
 

 III.
 

 It is well-recognized that procedural due process requires adequate notice and a hearing before an individual may be deprived of his or her property.
 
 Wolff v. McDonnell,
 
 418 U.S. 539, 558, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974).
 
 See also Fuentes v. Shevin,
 
 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) (action challenging replevin statutes);
 
 Sniadach v. Family Finance Corp.,
 
 395 U.S. 337, 339, 89 S.Ct. 1820, 1821, 23 L.Ed.2d 349 (1969) (state prejudgment garnishment procedure held unconstitutional). Due process considerations also apply in the exercise of bankruptcy jurisdiction.
 
 In re Smith Corset
 
 
 *661
 

 Shops,
 
 696 F.2d 971, 976 (1st Cir.1982) (citing
 
 Bank of Marin v. England,
 
 385 U.S. 99, 102, 87 S.Ct. 274, 276, 17 L.Ed.2d 197 (1966)).
 
 See also Mullane v. Central Hanover Bank & Trust,
 
 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In bankruptcy proceedings, both debtors and creditors have a constitutional right to be heard on their claims, and “the denial of that right to them [is] the denial of due process which is never harmless error.”
 
 Republic National Bank v. Crippen,
 
 224 F.2d 565, 566 (5th Cir.1955) (quoting
 
 Interstate Commerce Commission v. Louisville & Nashville Railroad Company,
 
 227 U.S. 88, 91, 33 S.Ct. 185, 186, 57 L.Ed. 431 (1913)). At the November 7, 1984, hearing, the bankruptcy court denied Boomgarden the opportunity to have his “Petition for a Declaration of the Rights of the Debtor” set down for an evidentiary hearing. The district court held that Boomgarden was given adequate opportunity to present his case. Boomgarden now claims that the bankruptcy court’s refusal failed to afford him his due process right for a full, fair, and adequate hearing before the automatic stay could be lifted. Avco replies first that where an automatic stay is modified, neither 11 U.S.C. § 362(d) nor § 362(e) require that a bankruptcy court first hold a
 
 preliminary
 
 hearing. And second, Avco asserts that the district court was correct in holding that the type of hearing requested by 11 U.S.C. § 362(d) depends on the particular circumstances of each case. Since the provisions of 11 U.S.C. §§ 362
 
 et seq.
 
 apply to Chapter 13 proceedings,
 
 In re Zellmer,
 
 6 B.R. 497, 499 (N.D.Ill.1980), we need to determine whether these statutes aid Boomgarden’s claims.
 

 Once Avco attempted to lift the automatic stay under 11 U.S.C. § 362(d), the hearing requirements of § 362(e) became effective immediately. Since an analysis of § 362(d) involves the substantive question of the merits of the bankruptcy court’s , decision, we shall reserve discussion of this section until Part IV,
 
 infra.
 
 Boomgarden contends that once a creditor moves to lift a stay, § 362(e) requires a preliminary hearing within thirty days after the request or the stay is automatically lifted.
 
 [3]
 

 The statute on its face seems to give bankruptcy courts the option of holding either a preliminary or a final hearing: “A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section.” 11 U.S.C. § 362(e). Boomgarden urges that Congress never intended that the bankruptcy court should have the discretion of choosing whether to have a final hearing but cites no cases in support of his contention. His interpretation flies in the face of contrary authority which states that § 362(e) permits:
 

 “the court the option of either holding a prompt final hearing which would have to be concluded and the order entered within thirty days of the filing of the request or treating the first hearing as a preliminary hearing. If the later option is chosen, the court may continue the stay only if a finding is made that there is a reasonable likelihood that the party opposing relief will prevail at the final hearing....”
 

 2
 
 Collier on Bankruptcy,
 
 pp. 302-56, 57 (15th ed. 1985). We hold that the intent
 
 *662
 
 behind enacting subsection (e) is persuasive in interpreting the amended provision. The rationale behind § 362(e) was to provide more protection for secured creditors. It permitted a court to make a preliminary ruling after a preliminary hearing, after which a court could continue the stay only if there was a reasonable likelihood that the party opposing relief from the stay would prevail at a final hearing.
 
 See
 
 H.R. Rep. No. 595, 95th Cong., 1st Sess. 344 (1983), U.S.Code Cong. & Admin.News 1978, p. 5787. We disagree with Boomgar-den’s assertion that the choice of whether to consolidate the preliminary and final hearings into one hearing lies with the parties. Rather, the bankruptcy court here apparently considered the November 7, 1984, hearing as a final hearing in Avco’s motion to lift the stay, thus asserting its statutory option. We agree with the district court that “[t]he November 7, 1984, hearing was far from the initial and only proceeding in this case.” It was actually the third hearing afforded Boomgarden.
 

 Moreover, we accept the district court’s interpretation of what type of hearing is required under 11 U.S.C. § 362(d). The statutory definition of the “after notice and hearing” provision of § 362(d) is found in 11 U.S.C. § 102(1)(A), which states that the provision
 

 “means after such notice as is appropriate in the particular circumstance, and after such opportunity for a hearing as is appropriate in the particular circumstances.”
 

 11 U.S.C. § 102(1)(A). The record of the proceedings at the bankruptcy court adds support to Avco’s claim that Boomgarden was afforded his full and fair opportunity to be heard. The court heard arguments from both parties on September 5, October 9, and November 7, 1984, when it covered all of the important substantive provisions of § 362(d).
 
 See
 
 Part IV
 
 infra.
 

 The district court reviewed the facts and concluded that Boomgarden’s due process rights were not violated. We agree that under the circumstances, Boomgarden had an adequate opportunity to present his arguments at a full and fair hearing.
 

 IV.
 

 Before we pass on the merhs of the bankruptcy court’s decision, we must first determine our proper scope of review. Boomgarden contends that the bankruptcy court failed to decide correctly the issue of lifting the stay based upon the pleadings and representations of counsel in court. He first claims that his situation is an exceptional case or particular circumstance which should prompt this court to consider questions not “pressed nor passed upon” by the bankruptcy court below.
 
 Hormel v. Helvering,
 
 312 U.S. 552, 557, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1971). Second, he asserts that the district court “opened the door” to appellate review when it addressed the merits of its order.
 
 [4]
 
 And third, he summarily maintains that “the case was decided on the merits, that it was reviewed on the merits, and that it can be decided on the merits at the Court of Appeals.” Avco responds by merely stating that Boomgar-den has failed to demonstrate why this case meets the exceptional standards in
 
 Hormel, supra.
 

 Boomgarden moved for a rehearing of the district court’s lifting of the automatic stay. In the earlier proceedings, the parties failed to focus on the merits of the bankruptcy court’s decision. Instead, the substance of the court’s decision was dealt with superficially by the parties in reference to the dispute over the adequacy of the hearing. In its memorandum and order of May 21, 1985, the district court alleged that the decision on the merits was not properly raised on appeal, stating, “While not conceding the adequacy of the hearing issue, appellant now attempts to challenge the substance of the bankruptcy judge’s decision.” In both of its memoranda, the district court reviewed the bankruptcy court’s decision, ultimately holding that the bankruptcy court sufficiently developed
 
 *663
 
 and reviewed the record before making its November 7, 1984, decision. While “[i]t is well settled that a litigant may not seek reversal by this [c]ourt on a ground not presented to the district court for consideration,”
 
 Davis v. Ball Memorial Hospital Association, Inc.,
 
 753 F.2d 1410, 1419 (7th Cir.1985) (quoting
 
 King v. Stevenson,
 
 445 F.2d 565, 570-71 (7th Cir.1971)), the district court did address the merits of the bankruptcy court’s decision, and thus we may properly review
 
 de novo
 
 the conclusions of law of both courts.
 
 Pullman-Standard,
 
 456 U.S. at 287, 102 S.Ct. at 1789;
 
 In re Tynan,
 
 773 F.2d at 178.
 

 Bankruptcy courts impose automatic stays to preserve the remainder of the debtor’s estate as well as to provide an equitable liquidation procedure for the creditors.
 
 In re Holtkamp,
 
 669 F.2d at 508. These stays may be modified according to the provisions of 11 U.S.C. § 362(d).
 
 [5]
 
 An automatic stay may be lifted for cause, including a lack of adequate protection of a creditor’s security interest. 11 U.S.C. § 362(d)(1). In addition, a stay may be vacated if the debtor has no equity in the property and if the property is not necessary to reorganize effectively the debtor’s estate. 11 U.S.C. § 362(d)(2). Moreover, in the instant case, under 11 U.S.C. § 362(g),
 
 [6]
 
 Avco had the burden of proving the lack of Boomgarden’s equity in the property, while Boomgarden had the burden of proof on all other issues.
 
 See In re Simmons,
 
 23 B.R. 364, 366 (N.D.Ill.1982);
 
 In re Chatman,
 
 23 B.R. 176 (N.D.Ill.1982). If Boomgarden failed to introduce competent evidence to show that Avco was adequately protected in its interest in the Boomgarden property, the stay should have been lifted.
 
 In re Monroe Park,
 
 17 B.R. 934, 940 (C.D.Del.1982).
 

 The district court carefully reviewed the proceedings below. It held that in the October 9, 1984, hearing, Boomgarden failed to address (1) whether Avco’s interest in the property was not adequately protected; (2) whether the property was necessary to an effective reorganization; and (3) whether Avco proved that Boom-garden lacked equity in the property. Furthermore, in its review of the November 7, 1984, hearing, the court held that the bankruptcy judge lifted the stay because Boom-garden had failed to meet its burden of proving that Avco’s interest in the property was adequately protected. We now turn to a consideration of the issues under § 362(d).
 

 A.
 
 Adequate Protection
 

 At the November 7,1984, hearing, Boom-garden claimed that Avco was adequately protected by Boomgarden’s willingness to make payments. The bankruptcy court noted that Boomgarden had a limited disposable income, faced substantial overdue and unpaid debts, had no equity in the property, at least in a bankruptcy sense, and was not paying any insurance or real estate taxes. The court determined that it was highly improbable that Boomgarden could “catch up on his arrearage” with his limited income, and it found that Avco was not adequately protected. Now, on appeal, Boomgarden argues in a conclusory fash
 
 *664
 
 ion that Avco is adequately protected since a Chapter 13 plan was subsequently confirmed. But this plan was confirmed
 
 after
 
 the bankruptcy court’s hearing, and it thus has no bearing on the merits of that court’s decision. “While a common misperception is that adequate protection is lacking if the value of the collateral is substantially less than the claim,”
 
 In re Ausherman,
 
 34 B.R. 393, 394 (N.D.Ill.1983),
 
 [7]
 
 we agree with the district court’s holding that on the basis of the evidence presented at the November 7, 1984, hearing, the bankruptcy judge correctly concluded that Avco’s interest in the property was not adequately protected.
 

 B.
 
 Lack of Equity
 

 At the November 7,1984, hearing, Boom-garden failed to demonstrate that he had any equity in the property. This was Avco’s burden to prove.
 
 In re Bruce,
 
 40 B.R. 884, 888 (W.D.Va.1984). Boomgarden now claims that equity is not needed in all cases to establish adequate protection. This may be so in cases where certain other factors are present.
 
 In the Matter of Schaller,
 
 27 B.R. 959, 962 (W.D.Wis.1983). But because none of these factors are met,
 
 see, e.g., In re Alyucan Interstate Corp.,
 
 12 B.R. 803, 809 (D.Utah 1981) (equity cushion);
 
 In re Trident,
 
 19 B.R. 956, 958 (E.D.Pa.1982) (payments under plan tendered), and because Boomgarden failed to rebut Avco’s proof of a lack of equity,
 
 see supra
 
 note 7, the bankruptcy court’s holding will stand.
 

 C.
 
 Effective Reorganization
 

 The final element that Boomgarden was required to prove in conjunction with the adequate protection factor was that his property was necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). One of the primary reasons for filing a Chapter 13 petition is to preserve a residence from foreclosure.
 
 In re Bruce,
 
 40 B.R. at 888. This undoubtedly is an important policy aspect of the Chapter 13 schedule. The district court held that the bankruptcy judge correctly found that Boomgarden failed to sustain proof of this issue. On appeal, Boomgarden has presented no arguments which would require overruling the district court’s conclusion of law.
 

 Conclusion
 

 Boomgarden has failed to convince this court that he was denied due process of law and that the bankruptcy court’s decision was incorrectly decided on the merits. Accordingly, the district court’s decision which affirmed the bankruptcy court’s order lifting the automatic stay is
 

 Affirmed.
 

 [1]
 

 . The bankruptcy court found that Barbara Boomgarden had no equity in her real estate, that the property was not necessary for an effective reorganization, and that Avco was not adequately protected in its interest in the property.
 

 [2]
 

 . This statute reads:
 

 (b) Notwithstanding section 1482 of this title [28 U.S.C. § 1482], a court of appeals shall have jurisdiction of an appeal from a final judgment, order, or decree of an appellate panel created under section 160 [28 U.S.C. § 160] or a District court of the United States or from a final judgment, order or decree of a bankruptcy court of the United States if the parties to such appeal agree to a direct appeal to the court of appeals.
 

 28 U.S.C. § 1293(b) (1985).
 

 [3]
 

 . This provision reads in full:
 

 (e) Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be commenced not later than thirty days after the conclusion of such preliminary hearing.
 

 11 U.S.C. § 362(e) (1985).
 

 [4]
 

 . In this order, the district court held that the bankruptcy judge sufficiently developed and reviewed the record before making his November 7, 1984, decision.
 

 [5]
 

 . This subsection provides:
 

 (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
 

 (1) for cause, including the lack of adequate protection of an interest in property or such party in interest; or
 

 (2) with respect to a stay of an act against property under subsection (a) of this section, if—
 

 (A) the debtor does not have an equity in such property; and
 

 (B) such property is not necessary to an effective reorganization.
 

 11 U.S.C. § 362(d) (1985).
 

 [6]
 

 . This subsection reads;
 

 (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
 

 (1) the party requesting such relief has the burden of proof on the issue of the debtor’s equity in property; and
 

 (2) the party opposing such relief has the burden of proof on all other issues.
 

 11 U.S.C. § 362(g) (1985).
 

 [7]
 

 . Avco claims that Boomgarden owes it $53,-284.29, more than the Dean Street property is worth. Also, Boomgarden’s schedule of assets shows a total debt of $95,003.79 and a value of $61,000.00.