Dorsey CHRISTIAN, Jr., Appellant,

v.

CITIBANK, F.S.B., Appellee.

No. 98 C 1603.

United States District Court,
N.D. Illinois,
Eastern Division.

March 15, 1999.

Jeffrey B. Rose, Tishler & Wald, Ltd., Chicago, IL, Melvin J. Kaplan, Law Offices of Melvin J. Kaplan, Chicago, IL, for Appellant.

Craig Phelps, Chicago, IL, Chapter 13 Trustee.

Steven B. Bashaw, McBride, Baker & Coles, Chicago, IL, for Appellee.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The issue on appeal in this bankruptcy case is whether the bankruptcy court abused its discretion in granting the appellee, Citibank F.S.B. ["Citibank"], a retroactive annulment of the automatic stay pursuant to 11 U.S.C. § 362(d). For the following reasons, the decision of the bankruptcy court is affirmed.

### Background

Appellant Dorsey Christian, Jr. filed for Chapter 13 bankruptcy protection after Citibank initiated foreclosure proceedings on his home. Mr. Christian included a plan for bringing his payments to Citibank current, but he fell behind in his payments and the bankruptcy court dismissed the plan. Citibank continued its foreclosure proceedings, and Mr. Christian's home was sold at foreclosure in January 1996. Mr. Christian subsequently sought to cure the default of his mortgage by reinstating the bankruptcy plan pursuant to 11 U.S.C. § 1322(c)(1). The bankruptcy court reinstated the plan with the understanding that reinstatement would not invalidate the foreclosure. Citibank then moved the state court for confirmation of the foreclosure sale, which was granted in March 1996. A deed was issued to the Illinois Real Estate Opportunity Fund I [the "Opportunity Fund"], which made substantial improvements on the property and in May 1996

entered into a contract to sell the property to another party.

At no time, however, had Citibank asked the bankruptcy court for relief from the automatic stay. In July 1996 Mr. Christian moved for sanctions against Citibank for violating the automatic stay, and Citibank moved to annul the stay retroactively to a date prior to its motion for confirmation in state court. The bankruptcy court held that pursuant to 11 U.S.C. § 1322(c)(1), Mr. Christian lacked any right to cure his mortgage default following the foreclosure. *In re Christian*, 199 B.R. 382, 389 (Bankr.N.D.Ill. 1996). Based in part on this holding, the court granted Citibank's motion to annul the stay and denied Mr. Christian's motion for sanctions. *Id.* The court reasoned that the equities favored annulment on the following grounds: 1) Mr. Christian had no legitimate ground for opposing relief from the stay because he had no right to cure his default following a foreclosure sale; 2) Citibank could reasonably have believed that Mr. Christian would not object to the confirmation because he sought reinstatement of his bankruptcy plan against all creditors except Citibank; 3) Mr. Christian did not object to the confirmation hearing, his eviction, or improvements on his property; and 4) Citibank and the Opportunity Fund took substantial action in reliance on the finality of the foreclosure sale. *Id.*

Mr. Christian appealed, and I reversed the decision of the bankruptcy court and remanded for additional proceedings. *Christian v. Citibank*, 214 B.R. 352, 356 (N.D.Ill. 1997). I held that Section 1322(c)(1) permits a debtor to cure a mortgage default until the foreclosure sale is confirmed, and I remanded the case for a new determination of whether the balance of equities favored granting the annulment of the stay or the imposition of sanctions. *Id.*

The bankruptcy court held a hearing on January 23, 1998 for the purpose of allowing Mr. Christian to present any additional evidence. Mr. Christian was questioned by his own attorney and by Citibank's attorney. The transcript of the January 23 hearing reveals that when Mr. Christian moved to reinstate his bankruptcy case in February

1996, his intention was to keep his home. (Tr. at 7). After the court informed him that the sale of his home was final, Mr. Christian nonetheless tried to find an attorney that would help him. (Tr. at 8). He personally attended the confirmation proceeding in state court. (Tr. at 17–19). Mr. Christian was not able to find an attorney, and he did not file any objections to the confirmation proceeding on his own behalf. (Tr. at 18–19). The bankruptcy court held that even assuming Mr. Christian had a right to cure his mortgage default until the confirmation, annulment of the stay was the proper exercise of discretion for the particular facts of this case. (Tr. at 43–44). Mr. Christian appeals this ruling.

### Annulment of the Automatic Stay

The decision whether to lift the stay pursuant to Section 362(d) is committed to the discretion of the bankruptcy court, and the decision may be overturned only upon a showing of abuse of discretion. *In re Boomgarden*, 780 F.2d 657, 660 (7th Cir.1985). Whether there is cause for relief from a stay has been determined on a case by case basis. *In re Halas*, 194 B.R. 605, 615 (Bankr. N.D.Ill.1996). The case at bar was remanded with instructions for the bankruptcy court to reconsider the soundness of its second and third reasons for granting the annulment, namely that Citibank could have reasonably believed that Mr. Christian sought reinstatement of his bankruptcy plan only against creditors besides Citibank, and that Mr. Christian did not object to the confirmation. *Christian*, 214 B.R. at 356. The court was also directed to consider the effect of its statements and rulings on Mr. Christian's actions. *Id.*

On remand, the bankruptcy court issued a ruling from the bench explaining its decision to annul the stay. While noting that Citibank made only a technical error in not seeking relief from the automatic stay, the court put the most weight on the fact that despite notice and opportunity Mr. Christian did not contest the court's view of the law until after Citibank and third parties took action to their detriment. The court explained:

So what we have here is a situation of the mortgagee acting in reliance and understanding of the law that was explained by the court and by the attorneys for Mr. Christian in going ahead with the confirmation hearing. And we had Mr. Christian, although certainly with every right to oppose that view of the law...not having taken any action to oppose it, and a result of Mr. Christian's non-action, albeit perhaps with erroneous advice of counsel, as a result of his non-action third parties and the mortgagee took action to their detriment. (Tr. at 44–45).

After the court stated its view of the law at the reinstatement hearing, Mr. Christian's attorney did not question that view. Instead, she asked to proceed with creditors besides Citibank and agreed to an order stating that Mr. Christian could not challenge the foreclosure. (Tr. at 36–49). The court also took into account that after its ruling Mr. Christian consulted numerous lawyers. The court noted, "with the potential for advi[c]e not only from the attorneys who represented him in his Chapter 13, but also several other attorneys whom he had consulted, Mr. Christian ... did not seek to assert the position that the confirmation hearing having not taken place, he had the right to cure his mortgage arrearage in a Chapter 13 case." (Tr. at 43). In addition, the court emphasized that Mr. Christian was at the confirmation proceeding but did not contest the sale or raise an issue regarding his right to cure the mortgage default. (Tr. at 41–43). Finally, the court considered the actions taken by Citibank and the Opportunity Fund in reliance on Mr. Christian not contesting the court's view of the law or the sale. (Tr. at 43, 45). The Opportunity Fund made substantial improvements to the property before Mr. Christian questioned the court's interpretation of 11 U.S.C. § 1322(c)(1).

The bankruptcy court assumed for the purposes of remand that Mr. Christian could have cured the mortgage default up to the time of confirmation, and Mr. Christian indi-

cated at the remand hearing that he reinstated the bankruptcy plan intending to keep his home. Nonetheless the court found that, due to the non-action of Mr. Christian and his counsel (despite notice and opportunity), and the subsequent reliance by Citibank and the Opportunity Fund, the proper exercise of discretion is to annul the automatic stay. It is inappropriate to rebalance the equities on review. The decision on remand to annul the stay is not an abuse of the court's equitable discretion. Therefore the decision of the bankruptcy court is affirmed.[1]

### Conclusion

For the foregoing reasons, the bankruptcy court's decision on remand to annul the stay is affirmed.

---

1. I agree with the bankruptcy court's statement that Mr. Christian may have an action against his original bankruptcy attorney for malpractice. The level of representation, both in failing to argue the change in law and in failing to ascer- tain when the foreclosure sale would take place or to take steps to timely stop that sale would seem to be below the level of representation that a reasonable consumer could expect of his attorney.