JORDAN, Circuit Judge,
concurring.
I concur in all of the court’s opinion except- for the portion addressing Mr. McNabb’s due process claim. As to that claim, I agree that reversal is not warranted, but for different reasons.
Our cases have long ’held that certain procedural due process violations, such as the flat-out denial of the right to be heard on a material issue, can never be harmless. *1348 See Republic Nat'l Bank of Dallas v. Crippen, 224 F.2d 565, 566 (5th Cir.1955) (reversing district court’s refusal, in bankruptcy proceeding, to allow creditor to present testimony on its proof of claim for costs and fees: “The right to be heard on their claims was a constitutional right and the denial of that right to them was the denial of due process which is never harmless error.”); Parker v. Williams, 862 F.2d 1471, 1481-82 (11th Cir.1989) (vacating jury verdict in favor of plaintiff in action under 42 U.S.C. § 1983 because district court, through incorrect application of collateral estoppel, had precluded defendant from presenting evidence on whether rape occurred: “[Pjrocedural due process is an absolute right protected by our Constitution, and an opportunity to be heard on an issue is an essential element of procedural due process. The denial of an opportunity to litigate can never be harmless error. A party must have his day in court.”), overruled on other grounds by Turquitt v. Jefferson Cnty., 137 F.3d 1285, 1292 (11th Cir.1998) (en banc). Although the Supreme Court has applied harmless error analysis to a different type of procedural due process violation — the consideration of ex parte evidence following an adversarial evidentiary hearing — in Tenn. Secondary Sch. Athletic Ass’n v. Brentwood Acad., 551 U.S. 291, 303-04, 127 S.Ct. 2489, 168 L.Ed.2d 166 (2007), it is not clear to me that Brentwood Academy has undermined cases like Crippen and Williams to the point of abrogation. See generally United States v. Weeks, 711 F.3d 1255, 1260 (11th Cir.2013) (explaining that a published panel decision is binding unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or the circuit sitting en banc).
It is true, as the court explains, that the rules governing habeas corpus cases do not expressly require a separate round of merits briefing,by the parties. But the fact that those rules do not mandate such adversarial briefing does not answer whether the failure to permit such briefing in a case like this one violates the Due Process Clause. It is inconceivable to me that a district court could rule on the merits of a complicated habeas corpus petition in a capital case without allowing the parties to articulate their views on the claims presented. After al 1, notice and an opportunity to be heard “are among the most important procedural mechanisms for purposes of avoiding erroneous deprivations.” Wilkinson v. Austin, 545 U.S. 209, 226, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005). I can only imagine how the State of Alabama would have reacted if the district court, instead of denying relief to Mr. McNabb, had granted his habeas corpus petition without permitting briefing on the merits. I would confidently wager a fair amount of money that the State would have been indignant (and rightly so) because it had lost without being heard, and that it would have sought reversal on that ground here.
Having said this, the district court’s adjudication of the merits without allowing the additional briefing contemplated by the magistrate judge’s order did not deprive Mr. McNabb of his constitutional right to procedural due process. Mr. McNabb filed an 83-page habeas corpus petition in which he laid out the factual and legal bases for each of his claims, and in response the State filed an 89-page answer. These pleadings — which contained detañed factual recitations, presented legal arguments, and cited to the relevant legal authorities — in essence functioned like legal briefs or memoranda, and fully presented the parties’ contentions. Mr. McNabb, in short, was heard on his claims, and so was the State.